**Walterine JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–00136–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 20, 2002.

Edlena Faye Gordon, Angleton, for Appellant.

Jeri Yenne, Criminal District Attorney, Mark R. Maltsberger, Assistant District Attorney, Angleton, for State.

Panel consists of Justices HEDGES, JENNINGS, and PRICE.[1]

## OPINION

FRANK C. PRICE, Justice (Assigned).

Appellant, Walterine Jones, was charged with the offense of possession, with the intent to deliver, of less than one gram of a controlled substance. A jury convicted her, and, after she pleaded true to two enhancement paragraphs, it assessed punishment at 20 years confinement and a $20,000 fine. We affirm.

## Facts

Brazoria County Sheriff's Department Narcotics Investigator Ruben Gonzales testified that, on May 3, 2000, he met a confidential informant and planned to buy crack cocaine from appellant in Freeport, Texas. Deputy Gonzales gave $50 to the informant to purchase the cocaine, started an audio tape recorder, and placed it in informant's. Deputy Gonzales and the informant drove to the arranged location in Freeport.

Deputy Gonzales testified the informant went into the building. Several minutes later, Gonzales saw a woman leave and return in another 20 to 25 minutes. After the informant left the building, Deputy Gonzales met the informant at a pre-arranged location, and he gave Gonzales two rocks of crack cocaine.

The informant testified he went into the building, arranged to buy crack cocaine from appellant, and gave her $50 for the cocaine. He stated appellant left the building to retrieve the cocaine. He also testified that a black male, named "King-

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

pin," and a black female were in the building, and their voices were recorded on the audio tape concealed in the informant's pocket. Appellant returned 20 to 25 minutes after leaving and gave the informant two rocks of crack cocaine. The informant left and, before meeting Deputy Gonzales, went to a convenience store.

Michael Manes, director of the Brazoria County Crime Lab, testified that the two rocks of crack cocaine, which appellant delivered to the informant, contained 0.09 grams of cocaine.

### Admission of the Audio Tape

In her sole point of error, appellant argues the trial court erred in admitting the audio tape recording of the drug transaction. She specifically contends that the tape was not properly authenticated under Texas Rule of Evidence 901 because the informant did not identify all the voices on the tape. *See* Tex.R. Evid. 901.

■ We review the trial court's ruling under rule 901 for an abuse of discretion. *Angleton v. State,* 971 S.W.2d 65, 67 (Tex. Crim.App.1998). When the State offered the tape recording into evidence, appellant's attorney timely objected on the ground that the informant did not identify all the voices on the recording. The informant testified that Deputy Gonzales's voice was on the beginning and end of the tape and the convenience store clerk's voice is also on the end of the tape. He testified his voice and the voices of appellant, Kingpin, and the black female were on the tape. The informant did not know the name of the black female. In overruling appellant's objection, the trial court stated:

> I'll let [the tape] in. All you've got to do is identify the voices on the tape. You don't have to have their names, you've just got to be able to identify them so you can know who is the informant, so

you can know who the defendant is. [The informant] testified that there are only four voices on that tape. He's testified he heard it, he was there and he can identify the four people, so I think the tape is admissible.

Texas Rule of Evidence 901 governs the admissibility of electronic recordings. *Angleton,* 971 S.W.2d at 67. The rule provides, in pertinent part:

(a) **General Provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) **Illustrations.** By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirement of this rule:

(1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.

. . .

(5) Voice identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at anytime under circumstances connecting it with the alleged speaker.

Tex.R. Evid. 901(a), (b).

Appellant relies on *Leos v. State,* 847 S.W.2d 665 (Tex.App.-Texarkana 1993) *rev'd on other grounds,* 883 S.W.2d 209 (Tex.Crim.App.1994) in support of her argument that the authenticating witness must identify all voices on the tape recording. In *Leos,* the voices of two undercover officers were identified by name, and a female voice was identified only as an informer. *Id.* at 667. The female voice of the informer was used to identify Leos.

The court held that the admission of the tape was error because the voice of the informer was not identified and the court could not say the statements made by the informer were "in no way pertinent to the State's case." *Leos,* 847 S.W.2d at 667 (citing *United States v. Vega,* 860 F.2d 779, 792 (7th Cir.1988) (holding that if prosecution's case does not depend upon any claim concerning identity of that speaker, tape can be admitted even in absence of identification of speaker)).

 Appellant's case is distinguishable from *Leos.* Here, the informant identified his voice and the voices of appellant and "Kingpin." Although the informant did not know the name of the black female on the recording, appellant does not indicate how the unnamed female was pertinent to the State's case, except that "Kingpin" and the black female were minimally aware of a drug transaction, if not participating in it.

Appellant cites no authority for the proposition that Rule 901 requires the proponent of the audio tape to identify every speaker on the recording by name. Rule 901 requires that the proponent show by sufficient evidence that the matter in question is what its proponent claims. TEX.R. EVID. 901. Here, the State alleged the tape was a recording of a sale between informant and appellant. The State did not implicate "Kingpin" or the black female in the sale of the cocaine. We are unwilling to read into the rule a requirement that each person, · no matter how irrelevant to the case, be identified by name. *Leos,* 847 S.W.2d at 667; *see also Allen v. State,* 849 S.W.2d 838, 842 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd) (holding that, under former *Edwards* test, the requirement that all speakers be identified does not include background voices).

We conclude the informant's identification of the voices on the recording was sufficient to authenticate the tape under Rule 901 and, therefore, the trial court did not abuse its discretion in admitting it.

We overrule appellant's sole point of error.

## Conclusion

We affirm the judgment.