11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

John David
Lopez, II

Appellant

Vs.      
            No. 11-02-00012-CR  -- 
Appeal from Palo Pinto County

State of Texas

Appellee

 

The jury
convicted John David Lopez, II of the offense of delivery of methamphetamine
weighing 1 gram or more but less than 4 grams. 
The jury assessed his punishment at confinement for 20 years and a
$10,000 fine.  We affirm.  

Appellant
presents two points of error.  In the
first point, appellant attacks the legal sufficiency of the evidence, arguing
that the evidence is insufficient to prove beyond a reasonable doubt that he
committed the offense.  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  








The record
shows that the charge against appellant resulted from an undercover drug
purchase.  Deputy Anthony R. Bilbay, a
member of the Cross Timbers Narcotics Task Force, testified that he and a
confidential informant went to appellant=s residence to purchase narcotics. 
Both were equipped with recording devices.  They contacted appellant at the house and went inside.  The confidential informant asked if he could
buy a fourth of an ounce of methamphetamine. 
Appellant responded that he would have to ask his dealer, so they waited
for the dealer to arrive.  After leaving
the room to discuss matters with the man who had arrived, appellant returned
and explained that he could not sell that quantity and that he would only sell
half-gram amounts for $50.  Deputy
Bilbay told appellant that he would take two halves for $100.  Appellant went back to the bedroom and then
came back and handed Deputy Bilbay a baggie containing an off-white powdered
substance.  Deputy Bilbay paid
appellant.  The substance was tested and
was determined to be methamphetamine weighing 1.06 grams, including any
adulterants and dilutants.  

The field
supervisor for the task force, Officer Rod Price, also testified about the
events surrounding the drug transaction. 
He observed Deputy Bilbay and the confidential informant enter appellant=s residence, and he conducted surveillance
while they were inside.  The testimony
indicated that the informant=s only role in this controlled buy was to introduce Deputy Bilbay to
appellant.  

An
audiotape of the transaction was also introduced into evidence.  The audiotape contains a lot of static but
essentially tracks Deputy Bilbay=s testimony.  At one point on
the audiotape after the transaction, Deputy Bilbay inadvertently referred to
appellant as AJohn Perez.@  However, before and after the
inadvertent reference, Deputy Bilbay stated on the audiotape the correct name
of AJohn Lopez.@  The audiotape was not
transcribed or played for the jury. 
Furthermore, Deputy Bilbay identified appellant in court as the person
from whom he purchased the methamphetamine. 


We hold
that the evidence is sufficient to support appellant=s conviction.  The first point of error is overruled.  

In his
second point of error, appellant argues that the trial court erred by admitting
into evidence the audiotape that was made from an electronic transmitting
device worn by Deputy Bilbay.  At trial,
appellant objected that the predicate had not been laid that any voices on the
audiotape were identifiable.  

We must
determine whether the trial court abused its discretion in admitting the
audiotape.  Angleton v. State, 971
S.W.2d 65, 67 (Tex.Cr.App.1998).  Under
TEX.R.EVID. 901(a), an item is properly authenticated or identified if the
evidence is Asufficient to support a finding that the
matter in question is what its proponent claims.@  A recording may be
authenticated by voice identification. 
TEX.R.EVID. 901(b)(5).  Deputy
Bilbay testified that he was familiar with the operation of the recording
equipment, that he had listened to the audiotape, and that the audiotape
accurately reflected what transpired during the transaction between Deputy
Bilbay and appellant.  Deputy Bilbay
also testified that he could identify the voices on the audiotape and that the
voices on the audiotape were his, the confidential informant=s, and appellant=s.  








In support
of his contention, appellant relies on Leos v. State, 883 S.W.2d 209
(Tex.Cr.App.1994).  The facts of that
case are distinguishable.  In Leos,
the proponent of the audiotape was not able to identify any of the voices on
the audiotape other than the undercover operatives and the informer.  Neither the defendant=s nor the coconspirators= voices were identified.  Leos v. State, supra at 211.  In the present case, however, Deputy Bilbay
testified that he could identify the voices as belonging to him, the confidential
informant, and appellant.  We hold that
the trial court did not abuse its discretion in admitting the audiotape over
appellant=s objection to the lack of predicate.  See Jones v. State, 80 S.W.3d 686 (Tex.App.
- Houston [1st Dist.] 2002, no pet=n); Brooks v. State, 921 S.W.2d 875 (Tex.App. - Houston [14th Dist.]
1996), aff=d, 957 S.W.2d 30 (Tex.Cr.App.1997).  

Moreover,
the error, if any, in admitting the audiotape is not reversible error under the
circumstances in this case.  The
audiotape was not played for the jury. 
Although the prosecutor informed the jurors that the audiotape was in
evidence and that they could listen to it, the record indicates that they did
not.  The jury returned with a verdict
after being recessed for deliberations only 11 minutes, whereas the evidence
indicates that the audiotape was A15 to 20 minutes@ long.  After reviewing the
audiotape, which was 15 minutes long, we have concluded that any error in
admitting the audiotape did not affect appellant=s Asubstantial rights@ and Amust be disregarded@ under TEX.R.APP.P. 44.2(b). 
Appellant=s second point of error is overruled.  

The
judgment of the trial court is affirmed. 


 

W. G. ARNOT, III

CHIEF
JUSTICE

 

October 31, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.