Opinion issued May 18, 2006














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00513-CR




 JEFRIE ROBERSON JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 21st District Court
Burleson County, Texas
Trial Court Cause No. 12896




MEMORANDUM OPINIONAppellant, Jefrie Roberson Jr., was indicted for two counts of delivery of a
controlled substance, cocaine, in an amount of one gram or more but less than four
grams. A jury convicted appellant on both counts and assessed 15 years’
imprisonment and a $10,000 fine for the first count and 5 years’ imprisonment and
a $10,000 fine for the second count. In four points of error, appellant contends that
the trial court erred (1) in admitting an audio cassette recording of the drug
transaction in count two because it was not properly authenticated; (2) in admitting
evidence of a prior unadjudicated offense; (3) in admitting evidence of prior bad acts
contained on an audio recording and via the testimony of an undercover police
officer; and (4) in failing to include an instruction on the defense of entrapment in the
jury charge. For the reasons that follow, we affirm. BACKGROUND
          A confidential informant (CI) and his wife, as part of an undercover drug buy
operation, met appellant at a hotel. The drug buy, set up by the Independent
Narcotics Task Force in Burleson County, took place in two adjoining hotel rooms
connected by a door. The room where the drug delivery was to take place contained
a hidden camera connected to a DVD player with audio and video recording
capabilities in the other room. The officers also hid a micro-cassette recorder in the
drug delivery room. Before entering the hotel room, the CI and his wife were
searched to make sure neither had any money or contraband; they were then provided
with cash by the officers to purchase the drugs. Appellant arrived, sold the CI and his
wife crack cocaine and left. The drugs were then confiscated by the police. 
          Six days later, the CI again met appellant to purchase crack cocaine. This time
the drug buy took place in a vehicle equipped with an audio transmitter that provided
real-time audio of any conversation in the vehicle to a surveillance team comprised
of Task Force officers, headed by Peter Glidewell. The CI, as a backup plan in case
the transmitter failed, was given a micro-cassette recorder. An officer from a
neighboring county, Bill Pitmon, participated undercover, driving around with the CI,
his wife, and appellant, looking for crack cocaine. Because the CI was in a moving
vehicle with appellant, the surveillance team was not able to hear everything that
happened in the vehicle, although they were able to listen to some of what happened
via the transmitter. However, Glidewell testified at trial that while he heard
appellant’s voice, he did not hear the drug transaction transpire because of the
tranmitter’s faulty reception.
          The police also had, however, the recording of the transaction on the micro-cassette tape the CI had hidden in his pants. Glidewell testified that the cassette tape
the CI turned over to him was the original tape he placed in the micro-cassette
recorder; that the recorder itself was capable of making an accurate recording; that
he wrote appellant’s name on the outside of the cassette after retrieving it from the
CI; and that an original copy of the incident was kept with his narcotics task force. 
During cross-examination, Glidewell conceded that he could not testify as to
everything—most saliently, the transaction itself—that was contained on the tape.
          Pitmon testified that he saw appellant hand crack cocaine to the CI while they
were all seated in the vehicle. Pitmon also testified that as they drove around
appellant pointed out the houses they should not buy drugs from, all the while
encouraging the CI and Pitmon to purchase crack cocaine only from him.
                                            Authentication of the Tape
          Appellant’s first point of error is that the trial court erred in admitting the audio
cassette recording of the second drug transaction because it was not properly
authenticated. We review the admission of evidence by the trial court for abuse of
discretion. McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).
          The authentication requirement for admissibility “is satisfied by evidence
sufficient to support a finding that the matter in question is what its proponent claims.” 
Tex. R. Evid. 901(b). The rule, by way of illustration, provides examples “of
authentication or identification conforming with the requirements of this rule.” Id. 
The examples relevant to this case are
                    (1) Testimony of Witness With Knowledge. Testimony
that a matter is what it is claimed to be. 
                    . . . .
                    (4) Distinctive Characteristics and the Like. Appearance,
contents, substance, internal patterns, or other distinctive
characteristics, taken in conjunction with circumstances. 
 
                    (5) Voice Identification. Identification of a voice, whether
heard firsthand or through mechanical or electronic
transmission or recording by opinion based upon hearing
the voice at any time under circumstances connecting it with
the alleged speaker.
 
Id.
          Appellant argues that Glidewell was not present during the events contained on
the tape; that he did not testify as to any of the distinctive characteristics contained on
the tape; and that he did not identify any of the voices contained on the tape. 
Appellant is correct. He only testified that he placed a tape in a device capable of
recording conversations, made a copy of the tape after the transaction was completed,
made a copy of the tape noting appellant’s name and the case number on, and that the
tape had not been changed or edited in any way.
          Given this, we find that the tape was not properly authenticated. Glidewell’s
testimony does not satisfy the requirements for authentication. Cf. Jones v. State, 80
S.W.3d 686, 687–88 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that
confidential informant’s identification of voices on tape was sufficient to authenticate
tape under rules of evidence). Simply placing a tape in a tape recorder and later
retrieving it is not enough. Therefore, we hold that it was error for the trial court to
admit the tape without sufficient authentication.
          However, the error was harmless. See Tex. R. App. P. 44.2(b); Prible v. State,
175 S.W.3d 724, 737 (Tex. Crim. App. 2005). “The Rule 44.2(b) harm standard is
whether the error in admitting the evidence had a substantial and injurious effect or
influence in determining the jury’s verdict.” Hernandez v. State, 176 S.W.3d 821, 824
(Tex. Crim. App. 2005). As appellant’s trial counsel noted: “my other objection to
the tape is that I think that Officer Pitmon could authenticate this tape.” Pitmon
should have been able to authenticate the tape, but was not asked to. However,
Pitmon did testify to everything that happened while he, the CI, and appellant were
driving around in the vehicle—the same evidence purportedly contained on the tape. 
Therefore, even though the evidence on the tape that was before the jury was not
properly authenticated, substantively the same evidence was properly admitted via 
Pitmon’s testimony. Therefore, we hold that appellant’s substantial rights were not
violated. Prible, 175 S.W.3d at 737. Accordingly, we overrule appellant’s first point
of error. 
Extraneous Offense Evidence
          Appellant’s second point of error is that the trial court erred in admitting
evidence of extraneous offenses alluded to by the CI on the recording made of the first
drug buy. 
          When a defendant challenges the admissibility of certain evidence in a hearing
outside the presence of the jury, he need not renew his objection when the evidence
is offered at trial in order to preserve his complaint for review. See Tex. R. Evid.
103(a)(1); Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). 
However, if at trial the defendant states he has “no objection” when the evidence is
offered, he waives his admissibility complaint. Moraguez, 701 S.W.2d at 904. This
is precisely what happened here. During trial, the State proffered for admission the
recording, and appellant’s trial counsel stated, “I have no objection.” Therefore,
because appellant has waived any error for review on appeal we overrule his second
point of error.
Failure to Provide Notice
          Appellant’s third point of error is that the trial court erred in admitting the prior
bad acts contained on the recording of the second drug buy and in the testimony of
Pitmon because the State failed to provide notice of the acts.
          As an initial matter, appellant did not object at trial to Pitmon’s testimony. This
he must do to present anything for review. Willis v. State, 785 S.W.2d 378, 384 (Tex.
Crim. App. 1989). Therefore we must reject this portion of his argument. Appellant
did object to the admission of the recording containing evidence of the extraneous
offenses of prior cocaine purchases by appellant, arguing that the tape was not
properly authenticated and that the State had violated the notice provision of rule
404(b). Tex. R. Evid. 404(b) (State may introduce evidence of extraneous offenses
“provided that upon timely request by the accused in a criminal case, reasonable notice
is given in advance of trial”). 
          We have already ruled that the tape was not properly authenticated. The State
appears to have admitted error here regarding the notice provision as well. The
analysis portion of their brief focuses on a harmless error analysis. Given that, we
conduct our own harmless error analysis to determine whether appellant’s substantial
rights were affected. Tex. R. App. P. 44.2(b). “The Rule 44.2(b) harm standard is
whether the error in admitting the evidence had a substantial and injurious effect or
influence in determining the jury’s verdict.” Hernandez v. State, 176 S.W.3d 821, 824
(Tex. Crim. App. 2005). 
          Here, the evidence of an extraneous offense cannot be said to have infringed on
appellant’s substantial rights. Appellant complains that the objected-to tape contained
references to prior cocaine purchases by him; however, as we noted in our analysis of
appellant’s first point of error, this very same evidence was before the jury via
Pitmon’s unobjected-to testimony. Therefore, because the evidence of prior cocaine
purchases was before the jury in a different form, we hold that the error was harmless. 
 We overrule appellant’s third point of error. 
 Entrapment
          Appellant’s final point of error is that the trial court erred in failing to include
in the jury charge an instruction on the defense of entrapment. 
           Under Texas law, where a defendant possesses the narcotics before he meets
the government agent, the evidence raises no issue of entrapment and refusal of a
requested charge thereon is not error. McKinney v. State, 372 S.W.2d 699, 701 (Tex.
Crim. App. 1963)
          Appellant’s argument is that “[i]f given the opportunity, the jury may have
found that the State, in failing to produce [the CI], failed in its burden of proving that
the criminal design did not originate in the minds of the government agents and that
Appellant was not induced to commit a crime he otherwise would not have
committed.” However, appellant clearly possessed the crack cocaine before he met
the CI at the hotel. Therefore, appellant has offered no evidence to establish that his
conduct was induced by the CI. Because appellant did not establish the prima facie
case needed to be entitled to a entrapment defense, we hold that the trial court did not
err in rejecting his request for a jury instruction on an entrapment defense.
          Accordingly, we overrule his final point of error.
                     CONCLUSION 
          We affirm the judgment of the trial court in all respects.
           
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Chief Justice Radack, and Justices Taft and Nuchia.
Do not publish. Tex. R. App. P. 47.2(b).