**Opinion issued August 13, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00596-CR

———————————

**REGINALD WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court No. 2**
**Tarrant County, Texas[1]**
**Trial Court Case No. 1517076**

---

## MEMORANDUM OPINION

A jury found appellant Reginald Washington guilty of the class A

misdemeanor offense of assault with bodily injury and assessed a sentence of 250

---

[1] The Supreme Court of Texas transferred this appeal from the Court of Appeals for the Second District to this court. We are unaware of any conflict between precedent of that court and this court on any relevant issue.

days in county jail (suspended for 15 months' community supervision), as well as a $250 fine.

Washington asserts five issues on appeal. First, he asserts that the evidence is insufficient to support the jury's guilty finding. In his second issue, he asserts that the trial court abused its discretion in admitting the audio recording of the 9-1-1 call because it was not properly authenticated. He asserts in his third issue that the trial court abused its discretion in admitting the audio recording and transcript of the 9-1-1 call because they contained hearsay. Washington's fourth issue asserts that the trial court abused its discretion in admitting a text message because it was not properly authenticated and contained hearsay. Finally, Washington asserts in issue five that the trial court erred by failing to include a jury instruction for class C misdemeanor offensive-contact assault, allegedly a lesser-included offense.

We affirm.[2]

## Background

On May 8, 2016, Reginald Washington visited Brittaney Whitfield at her apartment in Tarrant County to discuss their ongoing relationship. Washington and

---

[2] We withdraw our memorandum opinion and judgment dated June 27, 2019 and issue this new opinion. Because we issue this new opinion, we deny appellant's motion for rehearing, and appellant's motion for en banc reconsideration is denied as moot. *In re Wagner*, 560 S.W.3d 309, 312 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding [mand. denied]) ("Because we issue a new opinion in connection with denial of rehearing, the motion for en banc reconsideration is rendered moot.").

Whitfield had met through an online dating site, and they had been seeing each other periodically for less than two months. Whitfield testified that she expressed to Washington her desire to end the relationship, at which point Washington attacked Whitfield, with Washington repeatedly hitting Whitfield in the head with his fists and grabbing her neck. After Whitfield began to scream for help, Washington took Whitfield's cell phone and fled the apartment complex. Hearing the noise coming from Whitfield's apartment, security guard Michael Cartner entered Whitfield's apartment and called 9-1-1. Police and paramedics arrived at the scene, where Whitfield was given a medical examination but was not treated for any injuries. After an investigation, a warrant was issued for Washington's arrest. Washington was arrested several months later and charged with the class A misdemeanor of assault with bodily injury.

At trial, the State introduced a recording and a report of Cartner's 9-1-1 call, as well as screenshots from Whitfield's phone of text messages that Whitfield said were sent by Washington to her after the assault. Whitfield testified that Washington hit her repeatedly about her head, causing a swollen right temple and scratch marks on her face. The State introduced medical records taken by the paramedics the night of the assault revealing that Whitfield experienced swelling and pain in her head, leading to a primary impression by the paramedic team of traumatic injury.

**Analysis**

**Sufficiency of the Evidence**

In his first issue, Washington argues that the evidence is insufficient to support a finding of guilt. In reviewing the legal sufficiency of the evidence, we view all evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. *Braughton v. State*, 569 S.W.3d 592, 608. (Tex. Crim. App. 2018). The essential elements of assault with bodily injury are intentionally, knowingly, or recklessly causing bodily injury to another, including the person's spouse. TEX. PENAL CODE § 22.01(a)(1).

Washington asserts that Whitfield's testimony was not credible and that therefore the State failed to establish all elements beyond a reasonable doubt. Washington argues that Whitfield's testimony at trial was discredited by the photographs taken of Whitfield the night of the assault, as well as by the testimony of the responding police officer, who said that he saw no injuries.

As an appellate court, we do not weigh the evidence or assess its credibility. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

(quoting *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). The jury heard Whitfield testify that Washington's assault caused her injury. The jury also saw the ambulance records stating that Whitfield experienced head pain and swelling as a result of the assault. We must presume that the jury resolved any conflicts in the testimony and weighed the evidence to support its guilty finding. We conclude that, in viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Washington committed assault with bodily injury. Therefore, we overrule the first issue.

**Evidentiary Rulings**

In his second issue, Washington asserts that the trial court abused its discretion in admitting the audio recording of the 9-1-1 call because it was not properly authenticated. We review a trial court's evidentiary ruling for an abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009). If the trial court's ruling was within the zone of reasonable disagreement, we will not disturb its ruling. *See Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). We will uphold the ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002); *Roderick v. State*, 494 S.W.3d 868, 874 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Jill Nesbitt testified that she was the custodian of records for police communications for the City of Fort Worth and that her job entailed maintaining, locating, and providing the records created in police communications. Nesbitt identified a CD that contained a 9-1-1 recorded call for the day in question, and she had reviewed the call on the CD and placed her initials on the CD. She testified that she recognized the voice of the 9-1-1 call taker, who was a co-worker. The 9-1-1 recording was a record kept by her in the ordinary course of the City's business and was made at or near the time of the events recorded on the CD.

To authenticate an item of evidence, including sound recordings, the proponent must produce evidence sufficient to support a finding that the item in question is what the proponent claims it to be. TEX. R. EVID. 901(a); *see Jones v. State*, 466 S.W.3d 252, 261 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *Jones v. State*, 80 S.W.3d 686, 688 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Shores v. State*, No. 14-18-00213-CR, 2018 WL 5797266, at *3 (Tex. App.—Houston [14th Dist.] Nov. 6, 2018, no pet.) (mem. op., not designated for publication); *Knight v. State*, No. 08-16-00123-CR, 2018 WL 3867570, at *3 (Tex. App.—El Paso Aug. 15, 2018, no pet.) (not designated for publication). The proffering party may present the testimony of a witness with personal knowledge sufficient to authenticate the proposed evidence. *See Knight*, 2018 WL 3867570, at

*3 (citing TEX. R. EVID. 901(b)(1)). To authenticate an audio recording, the witness is not required to identify every speaker on the recording. *Jones*, 80 S.W.3d at 689.

> In performing its "gate-keeping function, the trial court itself need not be persuaded that the proffered evidence is authentic." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). "The preliminary question for the trial court to decide is simply whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic." *Id.*

*Jones*, 466 S.W.3d at 262; *see Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).

The trial court did not abuse its discretion in concluding that Nesbitt's testimony was sufficient to support a reasonable jury determination that the 9-1-1 recording was authentic. *See Jones*, 466 S.W.3d at 262–63; *Jones*, 80 S.W.3d at 689; *see also Knight*, 2018 WL 3867570, at *4–6 (citing *Montoya v. State*, 43 S.W.3d 568, 571 (Tex. App.—Waco 2001, no pet.) (9-1-1 recording was properly authenticated under Rule 901 where officer testified that she was custodian of 9-1-1 tapes, had listened to tape in question, the tape was made in ordinary course of business at Fort Worth Police Department, it was made at or near time of events recorded, record was made by person with responsibility for making such record, and record was made by person with knowledge of events recorded)). We overrule issue two.

In his third issue, Washington asserts that the trial court abused its discretion in admitting the 9-1-1 audio recording and a transcript of the 9-1-1 call because they contain hearsay.

We first address the alleged transcript of the 9-1-1 call. The exhibit is actually an incident report of the 9-1-1 call; it is not a transcript of the 9-1-1 call.[3] Because Washington's trial counsel misidentified the exhibit and did not make a specific objection to what the document actually is and therefore bring it to the trial court's attention, Washington's complaint about the incident report is not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000) ("To preserve error regarding the admission of evidence, a defendant must lodge a timely and specific objection.").

Turning to Washington's hearsay objection to the 9-1-1 audio recording, the recording was admissible under the hearsay exceptions for excited utterances[4] or

---

[3] This type of report has been referred to as a computer-aided dispatch report. *See Knight*, 2018 WL 3867570, at *1–2.

[4] An "excited utterance" is a "statement relating to a startling event or condition made while the declarant [is] under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2). Courts have upheld the admissibility of 9-1-1 recordings as excited utterances. *See Cook v. State*, 199 S.W.3d 495, 498 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Oyervidez v. State*, No. 01-17-00007-CR, 2017 WL 6374657, at *3–4 (Tex. App.—Houston [1st Dist.] Dec. 14, 2017, pet. ref'd) (mem. op., not designated for publication); *Johnson v. State*, No. 02-05-00043-CR, 2006 WL 563305, at *2 (Tex. App.—Fort Worth Mar. 9, 2006, pet. ref'd) (mem. op., not designated for publication).

present sense impressions.[5] We conclude that the trial court did not abuse its discretion in admitting the audio recording of the 9-1-1 call. If the trial court did err, it was harmless because Whitfield and Cartner both testified to the facts of the assault that were related in Cartner's 9-1-1 call. *See* TEX. R. APP. P. 44.2(b) (providing that nonconstitutional error "that does not affect substantial rights must be disregarded"); *West v. State*, 121 S.W.3d 95, 104 (Tex. App.—Fort Worth 2003, pet. ref'd) (applying Rule 44.2(b) harm analysis after determining trial court impermissibly allowed hearsay statement). A trial court's error in admitting evidence is harmless when similar facts are proved by other properly admitted evidence. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (improper admission of evidence does not constitute reversible error and is properly deemed harmless if same or similar facts are proved by other properly admitted evidence); *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986) (holding any error in admission of hearsay is harmless if fact to which hearsay relates is sufficiently proved by other competent and unobjected-to evidence); *Sanders v. State*, 422

---

[5] A present sense impression is a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter. TEX. R. EVID. 803(1). Courts have upheld the admissibility of 9-1-1 recordings as present sense impressions. *See Williams v. State*, No. 02-17-000123-CR, 2018 WL 547598, at *7–8 (Tex. App.—Fort Worth Jan. 25, 2018, pet. ref'd) (mem. op., not designated for publication); *Frank v. State*, No. 01-16-00197-CR, 2017 WL 1416882, at *5 (Tex. App.—Houston [1st Dist.] Apr. 20, 2017, pet. ref'd) (mem. op., not designated for publication); *Child v. State*, No. 08-14-00108-CR, 2016 WL 5121989, at *4 (Tex. App.—El Paso Sept. 21, 2016, no pet.) (not designated for publication) (transfer case from Tarrant County).

S.W.3d 809, 817–18 (Tex. App.—Fort Worth 2014, pet. ref'd) (assuming trial court erred in admitting 9-1-1 recording of call between 9-1-1 operator and hospital employee who was responding to assault victim, no harm occurred in part because unobjected-to testimony from victim established same facts of assault). We overrule Washington's third issue.

In his fourth issue, Washington asserts that the trial court abused its discretion in admitting a text message because it was not properly authenticated and because it contains hearsay. Washington alleges that the text message was not authenticated because there was no evidence that Washington himself sent the text message to Whitfield. In *Tienda*, a case relied on by Washington, the Court of Criminal Appeals noted that electronic evidence can be admissible when it is sufficiently linked to the purported author with evidence, including circumstantial evidence, that would support a determination by a reasonable jury that the electronic evidence is what it is purported to be. *See Tienda*, 358 S.W.3d at 638–39; *Jones*, 466 S.W.3d at 262–63.

The State provided the following circumstantial evidence that Washington authored the text message in question: Whitfield had programmed into her phone the number that the text message had been sent from and had attached Washington's name to it; Whitfield had been communicating with Washington throughout their relationship using the phone number that the text was sent from;

10

Whitfield had communicated with Washington using the same phone number after he had assaulted her; to Whitfield's knowledge, Washington had not changed his phone number; Washington assaulted Whitfield after she told him she did not wish to continue their relationship; the text message's tone indicates that the author was a scorned lover; and within the message, the author apologized and concluded the message by writing, "this may be the last message I get a chance to send."

Moreover, there was no evidence from any source that the phone number was used by anyone other than Washington or that anyone other than Washington authored or could have authored the text message. A reasonable jury could have found that the text message was sent by Washington, and the trial court did not abuse its discretion by admitting it. *See Jones*, 466 S.W.3d at 262–63.

Washington further complains that the trial court abused its discretion in admitting the text message because it was hearsay. Statements made by an opposing party are not hearsay. TEX. R. EVID. 801(e)(2)(a); *see Jones*, 466 S.W.3d at 264. Because the text message was authenticated to be from Washington, it is an admission by an opposing party and is not hearsay. *See Jones*, 466 S.W.3d at 264–66. Therefore, the trial court did not abuse its discretion in overruling Washington's hearsay objection. We overrule Washington's fourth issue.

**Lesser-Included Offense**

In his fifth and final issue, Washington asserts that the trial court erred by failing to include a jury instruction for class C misdemeanor offensive-contact assault, allegedly a lesser-included offense.

We follow a two-step test in determining whether a trial court is required to give a requested instruction on a lesser-included offense. *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016). The first step is to determine whether the requested instruction pertains to an offense that is a lesser-included offense of the charged offense, which is a matter of law. *Id.* Under this step, an offense is a lesser-included offense if it is within the proof necessary to establish the offense charged. *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). The second step is to ask whether there is evidence in the record that supports giving the instruction to the jury. *Id.* Under this step, a defendant is entitled to an instruction on a lesser-included offense when there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011). The evidence must establish the lesser-included offense as a valid, rational alternative to the charge offense. *Id.* (citing *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007)).

Washington alleges that the class C misdemeanor offense of offensive-contact assault is a lesser-included offense of bodily-injury assault. Following the two-step *Bullock* test, we first look at whether offensive-contact assault is within the proof necessary to establish bodily-injury assault. Offensive-contact assault contains an element missing from bodily-injury assault: "when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PENAL CODE § 22.01(a)(3). For that reason, the Court of Criminal Appeals has held that offensive-contact assault is not a lesser-included offense of bodily-injury assault:

> The State was not required to prove the latter (i.e., that appellant knew or should reasonably have believed that the complainant would regard this contact as offensive) to establish the former (i.e. that appellant caused the complainant bodily injury by kicking). . . . In establishing the charged bodily-injury-assault offense, the State was required to prove only that appellant caused the complainant bodily injury by kicking her. It is irrelevant whether the defendant knew or should have reasonably believed that the complainant would consider this contact as offensive or provocative.

*McKithan v. State*, 324 S.W.3d 582, 591 (Tex. Crim. App. 2010). Furthermore, the Court of Criminal Appeals noted that because the three definitions of assault in Penal Code Section 22.01(a) are "three distinct criminal offenses,"

> [a] contrary decision in this case would be inconsistent with this legislative intent and would amount to a holding that, in every bodily-injury-assault case involving physical contact, the State is required to prove, as an element of that bodily-injury-assault case, that the defendant also knew or should have reasonably believed that the complainant would regard that contact as offensive.

13

*Id.* (citing *Landrian v. State*, 268 S.W.3d 532, 540 (Tex. Crim. App. 2008)). Because offensive-contact assault is not within the proof necessary to establish bodily-injury assault, it is not a lesser-included offense. *See McKithan*, 324 S.W.3d at 591, 594.

Because we have determined that offensive-contact assault is not a lesser-included offense of bodily-injury assault as a matter of law, it is unnecessary to consider the second step of the *Bullock* test. We overrule Washington's fifth issue.

## Conclusion

Having overruled all of Washington's issues, we affirm the trial court's judgment.

Richard Hightower
Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).