**Curtis Lee WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–88–082–CR.**

Court of Appeals of Texas,
Texarkana.

Sept. 19, 1989.

Russell P. Brooks, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty. of Hunt County, Greenville, for appellee.

BLEIL, Justice.

Curtis Lee Williams appeals his conviction of burglary of a habitation, contending that the trial court erred by failing to have additional veniremen drawn in the process of jury selection, and in admitting a copy of a videotape as evidence at trial. We affirm the judgment of the trial court.

The court summoned a large number of veniremen for the trial of two cases, including this one. After the veniremen reported to court, the court directed that jury panel members be picked from the veniremen for jury selection. Upon completion of voir dire of the jury panel, an insufficient number of jurors remained to complete the jury selection. At that point, the trial court added twenty more jurors from the remaining veniremen and continued voir dire until the jury was complete. Williams contends that this procedure was erroneous. Tex.Code Crim.Proc.Ann. art. 34.02 (Vernon 1989) provides:

In any criminal case in which the court deems that the veniremen theretofore drawn will be insufficient for the trial of the case, or in any criminal case in which the venire has been exhausted by challenge or otherwise, the court shall order additional veniremen in such numbers as the court may deem advisable, to be summoned as follows:

(a) In a jury wheel county, the names of those to be summoned shall be drawn from the jury wheel.

(b) In counties not using the jury wheel, the veniremen shall be summoned by the sheriff.

Williams contends that it is error for the trial court to utilize previously selected veniremen rather than having the sheriff summon additional veniremen. This contention is not valid. Article 34.02 applies only when the court deems that the "veniremen theretofore drawn" will be insufficient or when the venire is exhausted. Here there were sufficient veniremen for the trial of the case, and the court properly continued jury selection from the veniremen present. The trial court does not err in exhausting all of the original veniremen before ordering additional persons to be selected. *Franks v. State*, 139 Tex.Crim. 42, 138 S.W.2d 109 (1940).

Williams also contends that the trial court erred in admitting a copy of a videotape taken by the sheriff. Williams objected to its admission at trial on the basis that he did not know if it was an accurate copy of the original because he had not been able to examine the original. The sheriff who duplicated the tape had previously testified that the tape eventually offered into evidence was a direct duplication of the original tape, that the original had since been taped over, and that they were both accurate representations of the events he observed. Tex.R.Crim.Evid. 1002 requires that the original of a recording be provided except as otherwise allowed by the rules. Tex.R.Crim.Evid. 1003 states that a duplicate is admissible to the same extent as the original unless (1) a question is raised as to the authenticity of the original, or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original. Williams raises no complaint about the authenticity of the original tape. He argues that admission of the duplicate was unfair because he had no opportunity to compare it with the original. The original was no longer available for viewing, and, by definition, a duplicate is the same as the original. More specifically, a duplicate is a counterpart of the original which may be produced by mechanical or electronic re-recordings or equivalent techniques which accurately reproduce the original. Tex.R.Crim.Evid. 1001(4). The trial court properly overruled Williams' objection. Williams also complains that the State did not lay the proper foundation for admission of the videotape. He did not object on this ground at trial; thus the error, if any, was not preserved for our review. *Thomas v. State*, 723 S.W.2d 696 (Tex.Crim.App.1986).

We affirm the judgment of the trial court.