11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Berthenia Washington

Appellant

Vs.                   No.
11-00-00392-CR B Appeal from Nolan County

State of Texas

Appellee

 

The jury
convicted appellant of delivering one gram or more but less than four grams of
cocaine.  The jury also found that
appellant had previously been convicted of the felony offense of delivery of
cocaine as alleged in the indictment for enhancement.  Appellant=s punishment was assessed by the jury at confinement for 65 years and a
$5,000 fine.  Appellant appeals.   We affirm.

The record
reveals that Officer Marty Baker, while working undercover, purchased crack
cocaine from appellant.  Officer Baker
had a video camera and microphone concealed in his vehicle when he purchased
the cocaine from appellant.  During
Officer Baker=s testimony, the State attempted to introduce
into evidence a Acopy@ of the video made during the purchase.  Appellant objected that the introduction of the copy rather than
the original tape violated the best evidence rule.  Officer Baker explained that the copy was a VHS tape and that the
original that came out of the camera was an eight millimeter.  The eight millimeter was about three times
smaller than the copy.  The original
tape was available at trial.  Officer
Baker stated that the original eight millimeter tape could not be played in a
VCR or a regular projector.  That was
the reason for converting the original tape to VHS.  Officer Baker testified that the VHS tape is an exact copy of the
eight millimeter tape that was taken from his vehicle when the delivery of
cocaine was made.  

Appellant
contends in his first issue that the trial court erred in admitting the
duplicate copy because it violated the best evidence rule.  We think that the Waco Court in Ballard v.
State, 23 S.W.3d 178, 181 (Tex.App. - Waco 2000, no pet=n), recently correctly decided the issue
before us.  The court stated:








Rule 1003
provides in pertinent part that a "duplicate is admissible to the same
extent as an original unless ... a question is raised as to the authenticity of
the original."  TEX.R. EVID. 1003
(emphasis added);  see also Williams v.
State, 778 S.W.2d 155, 156 (Tex.App.‑‑Texarkana 1989, no
pet.).  Ballard did not challenge the
authenticity of the original eight‑millimeter recording at trial and does
not on appeal.  The informant, Tanner,
and Fincher all testified that the duplicate was accurate.  Therefore, because Ballard did not question
the authenticity of the original recording, the duplicate recording offered in
evidence is admissible under Rule 1003. 
Id.

 

Because
the recording is admissible under the Rule 1003 exception to the best evidence
rule, the State did not need to establish its admissibility under Rule 1004.

 

In this
case, as in Ballard, appellant did not challenge the authenticity of the
original tape.  Appellant=s first issue is overruled.

During the
punishment phase of the trial, Brock Johnson, a certified peace officer working
for the West Central Texas Interlocal Crime Task Force, testified that on two
occasions on September 24, 1999, he purchased cocaine from appellant.  On the first occasion, appellant handed the
cocaine to another person who handed it to the officer.  On the second occasion, appellant handed the
cocaine directly to the officer. The record shows an actual transfer and a
separate constructive transfer of cocaine to Officer Johnson by appellant.

Appellant
urges in his second issue that the trial court erred in not including in the
court=s charge his requested charge containing each
of the statutory elements of delivery of cocaine by actual and constructive
transfer.  The court included the
following instructions in the punishment charge:

You may
consider evidence of extraneous crimes or bad acts in assessing punishment even
if the defendant has not yet been charged with or finally convicted of the
crimes or bad acts.  However, you may
consider such evidence only if the extraneous crimes or bad acts have been
shown by the State beyond a reasonable doubt to have been committed by the
defendant or are ones for which the defendant could be held criminally
responsible.

 

                                                           *    *   
*

 

A Areasonable doubt@ is a doubt based on reason and common sense
after a careful and impartial consideration of all the evidence in the
case.  It is the kind of doubt that
would make a reasonable person hesitate to act in the most important of his own
affairs.

 

                                                           *    *   
*

 








Therefore, if you find
and believe beyond a reasonable doubt that the defendant committed extraneous
crimes or bad acts or could be held criminally responsible for extraneous
crimes or bad acts, then you may consider such evidence in assessing the
defendant=s punishment.  However, if you have a reasonable doubt that the defendant
committed extraneous crimes or bad acts or could be held criminally responsible
for extraneous crimes or bad acts, then you may not consider such evidence in
assessing punishment.

 

Appellant
objected that the instructions of the court failed to provide the jury with any
guidance as to what the elements of the extraneous crimes were.

TEX. CODE CRIM. PRO. ANN. art. 37.07, ' 3(a) (Vernon Supp. 2001) states that evidence of an extraneous crime
or bad act that is shown beyond a reasonable doubt to have been committed  by the defendant or for which he could be
held criminally responsible is admissible at the punishment hearing.  Article 37.07, section 3(a) does not require
the court to charge on each element of such extraneous crime or bad act.  Here, the trial court properly charged the
jury on the burden of proof.  Huizar v.
State, 12 S.W.3d 479 (Tex.Cr.App.2000). 
Appellant argues that his rights under the 5th, 6th, and 14th Amendments
to the United States Constitution were violated.  A violation of Article 37.07, section 3(a) does not implicate
constitutional rights.  Huizar v. State,
supra at 484.  Appellant=s second issue is overruled.

The judgment of the trial court is affirmed.

 

AUSTIN McCLOUD

SENIOR JUSTICE

December
20, 2001

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot,
C.J., and

McCall, J., and McCloud,
S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.