

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00408-CR

**ROMAN JOE (JOSE) RIOS,**

                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                            **Appellee**

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. F42849

## MEMORANDUM  OPINION

Roman Joe (Jose) Rios was convicted by a jury of the offense of Delivery of a Controlled Substance More than One Gram but Less than Four Grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon 2003). He was also convicted of the lesser-included offense of Possession of a Controlled Substance Less than One Gram, although he is not appealing this conviction or sentence. After pleading true to one enhancement paragraph, the trial court assessed punishment in accordance with the jury verdict at imprisonment for twenty (20) years in the Texas Department of Criminal Justice – Institutional Division and a fine of $2,500.00. TEX. PEN. CODE ANN. § 12.32 (Vernon

2003).  Rios complains that the trial court abused its discretion by admitting photocopies of currency, admitting audio and video recordings that were not properly authenticated, by admitting recordings that contained inadmissible hearsay, and that the evidence was insufficient to corroborate the testimony of the informant.  Because we find that the trial court did not abuse its discretion in the admission of the copies of the currency or in the determination that the authentication of the recordings was sufficient, that the error in the improper admission of part of the recordings was harmless, and the testimony of the informant was sufficiently corroborated, we affirm the judgment of conviction.

Rios's first issue is comprised of three separate complaints regarding the admission of evidence he contends was erroneous.  When reviewing a trial court's ruling on the admission of evidence, we apply an abuse of discretion standard of review.  *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).  A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement.  *Id*.

*Best Evidence*

Rios complains that the trial court abused its discretion in admitting copies of the currency that was allegedly provided by law enforcement officers to the informant, paid to Rios, and later recovered from Rios when he was arrested because the admission of a copy violates Rule 1002 of the Texas Rules of Evidence, more commonly known as the "Best Evidence Rule."  TEX. R. EVID. 1002.

Rule 1002 states the general proposition that the original of a writing, recording, or photograph is required to prove its contents unless otherwise provided.  *See* TEX. R.

EVID. 1002; *see also Englund v. State*, 946 S.W.2d 64, 67 (Tex. Crim. App. 1997). Rules 1003 and 1004 provide exceptions to the general rule. *See Ballard v. State*, 23 S.W.3d 178, 181 (Tex. App.—Waco 2000, no pet.). *See also Hood v. State*, 944 S.W.2d 743, 747 (Tex. App.—Amarillo 1997, no pet.).

Rule 1003 provides in pertinent part that a "duplicate is admissible to the same extent as an original unless . . . a question is raised as to the authenticity *of the original*." TEX. R. EVID. 1003 (emphasis added); *see also Ballard*, 23 S.W.3d at 181. *See also Williams v. State*, 778 S.W.2d 155, 156 (Tex. App.—Texarkana 1989, no pet.). Rios did not challenge the authenticity of the original currency at trial and does not on appeal. Two law enforcement officers all testified that the duplicates were accurate except for being highlighted on the serial numbers to connect the currency given to the informant that was paid to Rios and later recovered from Rios at the jail. One copy was admitted of the currency given to the informant. A second copy was admitted of the currency recovered from Rios at the jail. A third copy with both sets was admitted for demonstrative purposes. Rios has not expressed at any time that the original currency was not authentic. Therefore, because Rios did not question the authenticity of the original currency, the duplicate copies of the currency offered in evidence are admissible under Rule 1003. *Ballard*, 23 S.W.3d at 181.

### *Authentication of Audio Recording*

Rios complains that the trial court abused its discretion in admitting a recording made during four cell phone calls between Rios and the informant as not being properly authenticated because the only person who could identify Rios's voice was the

informant, making corroboration necessary to authenticate the recordings. *See* TEX. CODE CRIM. PROC. ANN. art. 38.141 (Vernon 2005). Two of the calls were to set up the transaction, one was to change the location of the sale, and the last was to verify that the informant was satisfied with the amount of methamphetamine delivered. The informant stated that she was familiar with Rios's voice and identified him as the person she spoke to on the recordings.

The authentication requirement for admissibility "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901(a); *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998) (en banc). Rule 901(b) provides a non-exclusive list of methods for authenticating evidence. *See* TEX. R. EVID. 901(b). One of these methods allows for authentication by the testimony of a witness with knowledge that a matter is what it is claimed to be. *See* TEX. R. EVID. 901(b)(1).

We do not believe that corroboration is required to establish authenticity of the tape pursuant to article 38.141. Article 38.141 requires that testimony of a covert agent (informant) be corroborated by other evidence that tends to connect the defendant with the offense committed. TEX. CODE CRIM. PROC. ANN. art. 38.141 (Vernon 2005). Rios cites no authority for the proposition that for purposes of determining the authenticity of a recording, corroboration of an informant is required. *C.f. Vasquez v. State*, 56 S.W.3d 46, 48 (Tex. Crim. App. 2001) (corroboration necessary for conviction only, not for each element of offense); *Jones v. State*, 80 S.W.3d 686, (Tex. App.—Houston [1st Dist.] 2002) (recording properly authenticated even when informant cannot identify each voice on

audio recording). Rios does not argue that the recording was not, in fact, of his voice or that it was altered in any manner. We find that the trial court did not abuse its discretion in admitting the audio recordings.

*Admission of Hearsay*

Rios next complains that the trial court abused its discretion in allowing the admission of audio and video tapes that contained hearsay statements by a law enforcement officer, which are inadmissible pursuant to Texas Rule of Evidence 803(8)(B). *See* TEX. R. EVID. 803(8)(B). His complaint is that the officer stated that "Mr. Rios is being called, when in actuality, he does not know who will pick up the phone." The officer had testified that he could not identify Rios's voice since he had not heard it before that time. The tapes were made to record the transaction between the informant and Rios. The statements made by the law enforcement officer that were admitted were made on the recordings prior to the informant making the calls or purchasing the drugs.

The State contended at trial that these statements were admissible as present sense impressions pursuant to Texas Rule of Evidence 803(1).[1] However, in *Fischer v. State*, the Court of Criminal Appeals has held that statements made by a law enforcement officer that are "made for evidentiary use in a future criminal proceeding" are not admissible as present sense impressions. *Fischer v. State*, 252 S.W.3d 375, 386 (Tex. Crim. App. 2008) (citing *Davis v. Washington*, 547 U.S. 813, 829-30, 126 S.Ct. 2266, 2278 (2006). The trial court abused its discretion in admitting the portions of the recordings with the officer's statements.

---

[1] The State does not pursue this argument in its brief in this appeal.

Nevertheless, we find the error harmless. In criminal cases involving claims of non-constitutional error, an appellate court must disregard any error that does not affect substantial rights. TEX. R. APP. P. 44.2(b). "Under that rule, an appellate court may not reverse for non-constitutional error if the court, after examining the record as a whole, has fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict." *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).

In assessing whether the jury was likely affected by the erroneous evidence, "the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also consider "the jury instructions, the State's theory and any defensive theories, closing arguments and even voir dire, if applicable." *Id*. at 355-56. Whether the State emphasized the error is another factor, as is whether there was overwhelming evidence of guilt. *Id*. at 356.

Generally, improperly admitted evidence is rendered harmless when other properly admitted or unobjected-to evidence is admitted to prove the same fact. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Miranda v. State*, 813 S.W.2d 724, 739 (Tex. App.—San Antonio 1991, pet. ref'd). In this instance, the officer testified to the substance of the inadmissible portion of the tapes prior to the admission of the tapes without objection. Further, the informant testified as to the substance of that portion of

the tapes as well; that being that she called a certain telephone number to speak to Rios. This testimony was given under oath, subject to cross-examination by Rios and was admissible.

Rios does not argue that the testimony from the officer and the informant as to the substance of this portion of the tapes was inadmissible, and in fact, agreed that the testimony would be admissible in the hearing held outside of the presence of the jury to determine the admissibility of the tapes. Further, Rios conceded that the other portions of the tapes would be admissible. After examining the record as a whole, we conclude the inadmissible portions of the tapes did not have a substantial and injurious effect or influence on the jury's verdict. We overrule issue one.

*Corroboration of Informant Testimony*

Rios complains in issue two that there is not sufficient corroborating evidence beyond the testimony of the informant to convict him as required by Article 38.141 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.141 (Vernon 2005).

Article 38.141 of the Texas Code of Criminal Procedure, which governs testimony provided by a covert agent in a case where the defendant is charged with an offense under Chapter 481 of the Texas Health and Safety Code, states:

> (a) A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.
>
> (b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense.

(c) In this article, 'peace officer' means a person listed in Article 2.12, and 'special investigator' means a person listed in Article 2.122.

TEX. CODE CRIM. PROC. ANN. art. 38.141 (Vernon 2005).

The standard for determining whether corroboration is sufficient is the same as the standard for the accomplice testimony rule in Article 38.14. *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005). To meet the requirements of both rules, the corroborating evidence need not prove the defendant's guilt beyond a reasonable doubt by itself. *Id*. at 257. Rather, the evidence must simply link the accused in some way to the commission of the crime and show that "rational jurors could conclude that this evidence sufficiently tended to connect [the accused] to the offense." *Malone*, 253 S.W.3d at 257 (internal citations omitted). There is no set amount of non-accomplice corroboration evidence that is required for sufficiency purposes; "[e]ach case must be judged on its own facts." *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).

Rios contends that due to the erroneous admission of the evidence he complains about in issue one that when reviewing the evidence without the testimony of the informant, there is insufficient evidence to connect him to the sale of the drugs. However, since we have overruled Rios's first issue, this contention is without merit. There were recordings of conversations between Rios and the informant, which set up the purchase of the drugs, arranged a new location for the sale to take place, and confirmed the sale after it was completed. The currency given to the informant immediately prior to the transaction was connected by its serial numbers to the

currency in the possession of Rios when he was arrested. The vehicle in which the purchase took place was registered to Rios, and he was in the vehicle shortly thereafter when he was arrested. Additional drugs were found on Rios's person when he was searched after his arrest. The cell phone number called by the informant matched the cell phone number of the phone on Rios's person when he was arrested. We find there is sufficient corroboration to tend to connect him to the offense. *See Malone*, 253 S.W.3d at 258-59. We overrule issue two.

*Conclusion*

We find that the trial court did not abuse its discretion in the admission of the copies of the currency, that the recordings were properly authenticated, that there was no harm in the admission of the portion of the recordings with the officer's statements, and that the evidence was sufficient to corroborate the testimony of the informant. We affirm the judgment of conviction.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Affirmed
Opinion delivered and filed November 10, 2009
Do not publish
[CR25]