IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00408-CR

 

Roman Joe (Jose) Rios,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 249th District Court

Johnson County, Texas

Trial Court No. F42849

 



MEMORANDUM  Opinion










 

            Roman Joe (Jose) Rios was convicted by
a jury of the offense of Delivery of a Controlled Substance More than One Gram
but Less than Four Grams.  Tex. Health
& Safety Code Ann. § 481.112(c) (Vernon 2003).  He was also
convicted of the lesser-included offense of Possession of a Controlled
Substance Less than One Gram, although he is not appealing this conviction or
sentence.  After pleading true to one enhancement paragraph, the trial court
assessed punishment in accordance with the jury verdict at imprisonment for
twenty (20) years in the Texas Department of Criminal Justice – Institutional
Division and a fine of $2,500.00.  Tex.
Pen. Code Ann. § 12.32 (Vernon 2003).  Rios complains that the trial
court abused its discretion by admitting photocopies of currency, admitting
audio and video recordings that were not properly authenticated, by admitting
recordings that contained inadmissible hearsay, and that the evidence was
insufficient to corroborate the testimony of the informant.  Because we find
that the trial court did not abuse its discretion in the admission of the
copies of the currency or in the determination that the authentication of the
recordings was sufficient, that the error in the improper admission of part of
the recordings was harmless, and the testimony of the informant was sufficiently
corroborated, we affirm the judgment of conviction.

            Rios’s first issue is comprised of
three separate complaints regarding the admission of evidence he contends was
erroneous.  When reviewing a trial court's ruling on the admission of evidence,
we apply an abuse of discretion standard of review.  Casey v. State, 215
S.W.3d 870, 879 (Tex. Crim. App. 2007).  A trial court abuses its discretion
when its decision lies outside the zone of reasonable disagreement.  Id.

Best Evidence

            Rios complains that the trial court
abused its discretion in admitting copies of the currency that was allegedly
provided by law enforcement officers to the informant, paid to Rios, and later
recovered from Rios when he was arrested because the admission of a copy violates
Rule 1002 of the Texas Rules of Evidence, more commonly known as the “Best
Evidence Rule.”  Tex. R. Evid.
1002.

            Rule 1002 states the
general proposition that the original of a writing, recording, or photograph is
required to prove its contents unless otherwise provided.  See Tex. R. Evid. 1002; see also Englund
v. State, 946 S.W.2d 64, 67 (Tex. Crim. App. 1997).  Rules 1003 and 1004
provide exceptions to the general rule.  See Ballard v. State, 23 S.W.3d
178, 181 (Tex. App.—Waco 2000, no pet.).  See also Hood v. State, 944
S.W.2d 743, 747 (Tex. App.—Amarillo 1997, no pet.).

            Rule 1003 provides in pertinent part
that a "duplicate is admissible to the same extent as an original unless .
. . a question is raised as to the authenticity of the original."  Tex. R. Evid. 1003 (emphasis added); see
also Ballard, 23 S.W.3d at 181.  See also Williams v. State, 778
S.W.2d 155, 156 (Tex. App.—Texarkana 1989, no pet.).  Rios did not challenge
the authenticity of the original currency at trial and does not on appeal.  Two
law enforcement officers all testified that the duplicates were accurate except
for being highlighted on the serial numbers to connect the currency given to
the informant that was paid to Rios and later recovered from Rios at the jail. 
One copy was admitted of the currency given to the informant.  A second copy
was admitted of the currency recovered from Rios at the jail.  A third copy
with both sets was admitted for demonstrative purposes.  Rios has not expressed
at any time that the original currency was not authentic.  Therefore, because
Rios did not question the authenticity of the original currency, the duplicate
copies of the currency offered in evidence are admissible under Rule 1003.  Ballard,
23 S.W.3d at 181.

Authentication of Audio Recording

            Rios complains that the trial court
abused its discretion in admitting a recording made during four cell phone
calls between Rios and the informant as not being properly authenticated
because the only person who could identify Rios’s voice was the informant,
making corroboration necessary to authenticate the recordings.  See Tex. Code Crim. Proc. Ann. art. 38.141
(Vernon 2005).  Two of the calls were to set up the transaction, one was to
change the location of the sale, and the last was to verify that the informant
was satisfied with the amount of methamphetamine delivered.  The informant
stated that she was familiar with Rios’s voice and identified him as the person
she spoke to on the recordings.  

The authentication requirement for admissibility
"is satisfied by evidence sufficient to support a finding that the matter
in question is what its proponent claims."  Tex. R. Evid. 901(a); Angleton v. State, 971 S.W.2d
65, 67 (Tex. Crim. App. 1998) (en banc).  Rule 901(b) provides a non-exclusive
list of methods for authenticating evidence.  See Tex. R. Evid. 901(b).  One of these
methods allows for authentication by the testimony of a witness with knowledge
that a matter is what it is claimed to be.  See Tex. R. Evid. 901(b)(1).  

We do not believe that corroboration is required
to establish authenticity of the tape pursuant to article 38.141.  Article
38.141 requires that testimony of a covert agent (informant) be corroborated by
other evidence that tends to connect the defendant with the offense committed. 
Tex. Code Crim. Proc. Ann. art.
38.141 (Vernon 2005).  Rios cites no authority for the proposition that for
purposes of determining the authenticity of a recording, corroboration of an
informant is required.  C.f. Vasquez v. State, 56 S.W.3d 46, 48 (Tex. Crim. App. 2001) (corroboration necessary for conviction only, not for each element of
offense); Jones v. State, 80 S.W.3d 686, (Tex. App.—Houston [1st Dist.]
2002) (recording properly authenticated even when informant cannot identify
each voice on audio recording).  Rios does not argue that the recording was
not, in fact, of his voice or that it was altered in any manner.  We find that
the trial court did not abuse its discretion in admitting the audio
recordings.    

Admission of Hearsay

             Rios next complains that the trial
court abused its discretion in allowing the admission of audio and video tapes
that contained hearsay statements by a law enforcement officer, which are
inadmissible pursuant to Texas Rule of Evidence 803(8)(B).  See Tex. R. Evid. 803(8)(B).  His complaint
is that the officer stated that “Mr. Rios is being called, when in actuality,
he does not know who will pick up the phone.”  The officer had testified that
he could not identify Rios’s voice since he had not heard it before that time. 
The tapes were made to record the transaction between the informant and Rios. 
The statements made by the law enforcement officer that were admitted were made
on the recordings prior to the informant making the calls or purchasing the
drugs.

            The State contended at trial that
these statements were admissible as present sense impressions pursuant to Texas
Rule of Evidence 803(1).[1] 
However, in Fischer v. State, the Court of Criminal Appeals has held
that statements made by a law enforcement officer that are “made for
evidentiary use in a future criminal proceeding” are not admissible as present
sense impressions.  Fischer v. State, 252 S.W.3d 375, 386 (Tex. Crim.
App. 2008) (citing Davis v. Washington, 547 U.S. 813, 829-30, 126 S.Ct.
2266, 2278 (2006).  The trial court abused its discretion in admitting the
portions of the recordings with the officer’s statements.

            Nevertheless, we find the error
harmless.  In criminal cases involving claims of
non-constitutional error, an appellate court must disregard any error that does
not affect substantial rights.  Tex. R.
App. P. 44.2(b).  "Under that rule, an appellate court may not
reverse for non-constitutional error if the court, after examining the record
as a whole, has fair assurance that the error did not have a substantial and
injurious effect or influence in determining the jury's verdict."  Garcia
v. State, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). 

In assessing whether the jury was likely affected
by the erroneous evidence, "the appellate court should consider everything
in the record, including any testimony or physical evidence admitted for the
jury's consideration, the nature of the evidence supporting the verdict, the
character of the alleged error and how it might be considered in connection
with other evidence in the case."  Motilla v. State, 78 S.W.3d 352,
355 (Tex. Crim. App. 2002).  We may also consider "the jury instructions,
the State's theory and any defensive theories, closing arguments and even voir
dire, if applicable."  Id. at 355-56.  Whether the State emphasized
the error is another factor, as is whether there was overwhelming evidence
of guilt.  Id. at 356.

Generally, improperly admitted evidence is
rendered harmless when other properly admitted or unobjected-to evidence is
admitted to prove the same fact.  Brooks v. State, 990 S.W.2d 278, 287
(Tex. Crim. App. 1999); Miranda v. State, 813 S.W.2d 724, 739 (Tex.
App.—San Antonio 1991, pet. ref'd).  In this instance, the officer testified to
the substance of the inadmissible portion of the tapes prior to the admission
of the tapes without objection.  Further, the informant testified as to the
substance of that portion of the tapes as well; that being that she called a
certain telephone number to speak to Rios.  This testimony was given under
oath, subject to cross-examination by Rios and was admissible.  

Rios does not argue that the testimony from the
officer and the informant as to the substance of this portion of the tapes was
inadmissible, and in fact, agreed that the testimony would be admissible in the
hearing held outside of the presence of the jury to determine the admissibility
of the tapes.  Further, Rios conceded that the other portions of the tapes
would be admissible.  After examining the record as a whole, we conclude the
inadmissible portions of the tapes did not have a substantial and injurious
effect or influence on the jury's verdict.  We overrule issue one.

Corroboration of Informant Testimony

            Rios complains in issue two that there
is not sufficient corroborating evidence beyond the testimony of the informant
to convict him as required by Article 38.141 of the Code of Criminal
Procedure.  Tex. Code Crim. Proc. Ann.
art. 38.141 (Vernon 2005).    

            Article 38.141 of the Texas Code of
Criminal Procedure, which governs testimony provided by a covert agent in a
case where the defendant is charged with an offense under Chapter 481 of the
Texas Health and Safety Code, states: 

(a) A defendant may not be
convicted of an offense under Chapter 481, Health and Safety Code, on the
testimony of a person who is not a licensed peace officer or a special
investigator but who is acting covertly on behalf of a law enforcement agency
or under the color of law enforcement unless the testimony is corroborated by
other evidence tending to connect the defendant with the offense committed.

(b) Corroboration is not sufficient for the purposes of this article if the
corroboration only shows the commission of the offense.

(c) In this article, 'peace officer' means a person listed in Article 2.12, and
'special investigator' means a person listed in Article 2.122.

 

Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon 2005).

            The standard for determining whether
corroboration is sufficient is the same as the standard for the accomplice
testimony rule in Article 38.14.  Malone v. State, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008).  See Tex. Code Crim.
Proc. Ann. art. 38.14 (Vernon 2005).  To meet the requirements of both rules,
the corroborating evidence need not prove the defendant's guilt beyond a
reasonable doubt by itself.  Id. at 257.  Rather, the evidence must
simply link the accused in some way to the commission of the crime and show
that "rational jurors could conclude that this evidence sufficiently
tended to connect [the accused] to the offense."  Malone, 253
S.W.3d at 257 (internal citations omitted).  There is no set amount of
non-accomplice corroboration evidence that is required for sufficiency
purposes; "[e]ach case must be judged on its own facts."  Gill v.
State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). 

            Rios contends that due to the
erroneous admission of the evidence he complains about in issue one that when
reviewing the evidence without the testimony of the informant, there is
insufficient evidence to connect him to the sale of the drugs.  However, since
we have overruled Rios’s first issue, this contention is without merit.  There
were recordings of conversations between Rios and the informant, which set up
the purchase of the drugs, arranged a new location for the sale to take place,
and confirmed the sale after it was completed.  The currency given to the
informant immediately prior to the transaction was connected by its serial
numbers to the currency in the possession of Rios when he was arrested.  The
vehicle in which the purchase took place was registered to Rios, and he was in
the vehicle shortly thereafter when he was arrested.  Additional drugs were
found on Rios’s person when he was searched after his arrest.  The cell phone
number called by the informant matched the cell phone number of the phone on
Rios’s person when he was arrested.  We find there is sufficient corroboration
to tend to connect him to the offense.  See Malone, 253 S.W.3d at 258-59. 
We overrule issue two.

Conclusion

            We find that the trial court did not
abuse its discretion in the admission of the copies of the currency, that the
recordings were properly authenticated, that there was no harm in the admission
of the portion of the recordings with the officer’s statements, and that the
evidence was sufficient to corroborate the testimony of the informant.  We
affirm the judgment of conviction.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed November 10, 2009

Do not publish

[CR25]









[1] The
State does not pursue this argument in its brief in this appeal.