Neil Andrew COOK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–00107–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 20, 2006.

Randy Martin, Houston, TX, for Appellant.

Kelly Ann Smith, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, HIGLEY, and BLAND.

## OPINION

JANE BLAND, Justice.

A jury convicted appellant, Neil Andrew Cook, of driving while intoxicated and assessed punishment at 365 days in jail.[1] On appeal, Cook contends the trial court erred in admitting into evidence a tape of the 911 call made by a witness because (1) it violated the Confrontation Clause, and (2) it was hearsay. We follow the precedent of the United States Supreme Court in *Davis v. Washington*[2] and therefore affirm.

### Facts

In September 2004, while driving on Barker–Cypress Road, Lonnie Gautreau observed Cook gesture obscenely and throw a beer bottle at his truck. Gautreau immediately called 911 on his cell phone and told the operator that Cook was intoxicated. Shortly thereafter, the police arrested Cook for driving while intoxicated.

At Cook's trial, the State offered an audio taped recording of Gautreau's 911 call, but Gautreau did not appear as a witness. Cook objected on confrontation and hearsay grounds. Deputy Cross, the first responding officer, testified that when he questioned Gautreau not long after the

---

1. *See* Tex. Pen.Code Ann. § 49.04 (Vernon 2003).

2. *Davis v. Washington,* —— U.S. ——, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).

911 call, Gautreau seemed very upset and he "spoke real fast." Traci Mullins, the audio records custodian for the Harris County Sheriff's Department, testified that Gautreau sounded agitated during the 911 call. The trial court overruled Cook's objections and allowed the tape into evidence.

### Confrontation Clause

■ In his first issue, Cook contends the admission of the 911 tape violates his Sixth Amendment right to confrontation under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We review de novo the trial court's ruling that admission of the 911 tape did not violate Cook's rights under the Confrontation Clause. *See Lilly v. Virginia*, 527 U.S. 116, 137, 119 S.Ct. 1887, 1900, 144 L.Ed.2d 117 (1999) (stating that courts should "independently review" whether out-of-court statements violate the Confrontation Clause); *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex.Crim.App.2002); *Davis v. State*, 169 S.W.3d 660, 665 (Tex. App.-Austin 2005, no pet.).

■ In *Crawford*, the Supreme Court held that testimonial witness statements are admissible only if the person who gave the statement is unavailable, and the accused had a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 68, 124 S.Ct. at 1374. Though it did not explicitly define the term, the Court delineated the parameters of "testimonial," applying it "at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id. Crawford* thus holds that a "core class of 'testimonial' statements" includes: (1) ex parte in-court testimony, (2) affidavits, (3) depositions, (4) confessions, (5) custodial examinations, and (6) statements made under circumstances that would lead an objective witness reasonably

to believe that the statement would be available for use at a later trial. *Id.* at 51–52, 124 S.Ct. at 1374. The issue in this case is whether Gautreau's 911 call falls within the class of statements defined as testimonial under the last category.

■ Last month, the Court clarified the scope of testimonial statements under *Crawford* in *Davis v. Washington*, —— U.S. ——, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). There, the Court held that a 911 tape of Davis's girlfriend reporting that Davis had assaulted her was not testimonial, and therefore its admission did not violate the confrontation clause. *Id.* at 2277. In so doing, the Court clarified the definition of "testimonial" for Confrontation Clause purposes:

> Without attempting to produce an exhaustive classification of all conceivable statements—or even all conceivable statements in response to police interrogation—as either testimonial or nontestimonial, it suffices to decide the present cases to hold as follows: Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id.* at 2273–74.

■ Consistent with this holding, in determining whether statements are testimonial, Texas courts generally have looked to the degree of formality of a declarant's interaction with police, the purpose and structure of police questioning, and the likelihood that the declarant expects that

the statements could be used in a criminal prosecution. *See e.g., Spencer v. State,* 162 S.W.3d 877, 882 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Statements made to police during contact initiated by a witness at the beginning of an investigation are generally not considered testimonial. *See id.* at 883 (holding that initial police-victim interaction at crime scene was non-testimonial); *Tyler v. State,* 167 S.W.3d 550, 555 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd) (holding that victim's explanation of what transpired was non-testimonial because it merely aided start of investigation and officer did not ask questions); *Wilson v. State,* 151 S.W.3d 694, 698 (Tex. App.-Fort Worth 2004, no pet.) (holding statements were non-testimonial because there was no interrogation when witness initiated contact with police and purpose of officers' questions was not to elicit information about known criminal activity). Specifically, our sister court has held that statements made during 911 calls are non-testimonial. *Ruth v. State,* 167 S.W.3d 560, 569 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (stating "we see nothing in the record suggesting that this call, in which a witness to a crime in progress at her home summoned the police, deviates from the typical, non-testimonial 911 call").

Here, Gautreau placed a 911 call to inform police of a potential crime in progress. The contact was initiated by the witness, it was informal, and it occurred at the beginning of the investigation. Accordingly, we hold Gautreau's statements made during the 911 call are non-testimonial, and thus the trial court did not err in admitting the tape on the ground that admission did not violate the Confrontation Clause. *Davis,* 126 S.Ct. at 2273–74. We overrule Cook's first issue.

### Hearsay

■ In his second issue, Cook contends the admission of the 911 tape violates the evidentiary bar against the admission of hearsay because it is not an excited utterance. *See* TEX.R. EVID. 803(2). The admission of out-of-court statements is reviewed for abuse of discretion, and the trial court's decision will not be reversed unless it falls outside the zone of reasonable disagreement. *Zuliani v. State,* 97 S.W.3d 589, 595 (Tex.Crim.App.2003).

■ Cook contends the statements made to the 911 operator were not excited utterances because Gautreau had time for reflection and deliberation before making the statements. An "excited utterance" is a "statement relating to a startling event or condition made while the declarant [is] under the stress of excitement caused by the event or condition." TEX.R. EVID. 803(2). While time can certainly be a factor in determining an excited utterance, it is not dispositive. *Zuliani,* 97 S.W.3d at 595–96. Rather, the critical consideration is "whether the declarant [is] still dominated by the emotions, excitement, fear or pain of the event." *Id.* at 596 (quoting *McFarland v. State,* 845 S.W.2d 824, 846 (Tex.Crim.App.1992)).

Here, Mullins testified that Gautreau sounded agitated during the 911 call. Because she is a custodian of 911 records for the Sheriff's Department, she has the proper experience to determine the emotional state of the average caller, including Gautreau. Deputy Cross testified that Gautreau was "very upset" and "spoke real fast." Deputy Cross saw Gautreau a few minutes after Gautreau placed the call to the 911 operator. We hold that the trial court's ruling that Gautreau's statements were excited utterances falls within the zone of reasonable disagreement, and therefore was not an abuse of discretion. *Id.* at 595. We overrule Cook's second issue.

## Conclusion

We hold that the statements made on the 911 tape (1) did not violate *Crawford* because they were non-testimonial, and (2) were not inadmissible under the Rules of Evidence as hearsay because they were excited utterances. We affirm the judgment of the trial court.