Opinion filed September 6, 2007 
















 
 
  
 
 







 
 
  
 
 




Opinion filed September 6, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                       Nos. 11-06-00322-CR & 11-06-00323-CR 

                                                    __________

 

                                       CEDRIC
TAYLOR, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 244th District Court

 

                                                           Ector
 County, Texas

 

                                     Trial
Court Cause Nos.  C-32,377 & C-32,378

 



 

                                                                   O
P I N I O N

The jury
convicted Cedric Taylor of aggravated robbery[1]
and aggravated kidnapping.[2]  The trial court assessed punishment for each
offense at confinement for life.  We
affirm.

                                                               Background
Facts








There is no challenge to the sufficiency of the
evidence.  The victim testified that she
was working as a taxi driver at the time of the offenses.  She worked from 6:00 p.m. to 6:00 a.m. six
days a week.  Her vehicle was equipped
with a two-way radio that had a microphone attached by a coil cord.  Around 1:30 a.m., appellant and another man Awaived@
her down.  Appellant gave her Avague directions,@ and the two men got into her taxi.

The victim testified that it became Atense@
in the vehicle and that there was Aan
extreme amount of fear all of the sudden@
in her taxi.  Appellant Akind of stood up@
in the backseat and leaned over into the front seat.  His face was right next to hers.  The other man beat her head with his fist
while appellant pulled the microphone out of the radio and told her to pull
over and stop.  She complied.  Appellant then drove her taxi Avery erratically all over the place@ while the other man looked for her
money.  He took her driver=s license and wanted to know which key
was for her home.  The victim thought
that the two men were going to kill her and that this was the last day of her
life.  She thought about running away but
did not think she could escape the men because she had had three hip
replacements and had had knee surgery.

Appellant pulled her taxi over and told the other
man to drive.  Appellant said, A I=m
going to f--k this b---h.@  He got into the backseat with the victim,
pulled his pants down to his knees, and told the victim Ato
give him a blow job.@  When she told appellant that she did not want
to do that, he tried to push her down. 
The other man wrecked the taxi, and all three of them were knocked
unconscious.

The victim regained consciousness first and
slipped out of the backseat.  The other
man told her, AB---h,
you better stay right there@
and tried to wake up appellant. 
Appellant still had his pants down around his knees.

The victim ran to a convenience store and tried to
use a pay phone to call for help.  She
was dazed and confused and was having trouble making the call.  She saw both of the men coming toward her.  They looked Amenacingly.@ 
She ran toward the middle of the street where the men caught up with her
and began beating her in the head.  A
truck driver started Ablaring
his horn@ and
stopped to help her.  The victim was then
able to successfully make a 9-1-1 call.

The victim testified that, because of her
injuries, she was taken to the hospital, put on life support, was in a coma for
five days, and remained in the hospital for a total of fifteen days.  It was over a year before she felt like her
mind was functioning normally, and her memory was still not completely restored
at the time of trial.








                                                              Sole
Issue on Appeal

Appellant=s
sole issue in both cases is that the trial court abused its discretion in
allowing the jury to hear a portion of the 9-1-1 tape.  We disagree.

                                                                     9-1-1
Tape

Appellant objected to the admission of the tape on
the grounds that the tape was Anothing
more than cumulative testimony@
of the victim=s
testimony.  The trial court overruled the
objection.  The tape was admitted into
evidence and played for the jury. 
Appellant then renewed his objection on the grounds of improper
bolstering.  The trial court overruled
the objection as untimely.     

We agree with the State that appellant did not
timely preserve any complaint for appeal. 
Tex. R. App. P. 33.1.  Moreover, we note that the evidence was
properly admitted.  Davis
v. Washington, __ U.S.
__, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006); Cook v. State, 199 S.W.3d
495 (Tex.
App.CHouston
[1st Dist.] 2006, no pet.).  Further, any
possible error in the admission of the tape did not constitute reversible error
pursuant to Tex. R. App. P. 44.2.  The sole issue in each case is
overruled.

                                                             This
Court=s Holding

The judgments of the trial court are affirmed.

 

PER CURIAM

 

September 6, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Cause No. 11-06-00322-CR.





[2]Cause No. 11-06-00323-CR.