

# NUMBER 13-12-00651-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

SAMUEL ARRENADO FERRALEZ
A/K/A SAMUEL ARREN FERRALEZ,                          Appellant,

v.

THE STATE OF TEXAS,                                   Appellee.

---

### On appeal from the 371st District Court
### of Tarrant County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Samuel Arrenado Ferralez, a/k/a Samuel Arren Ferralez, appeals his conviction for murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). A jury found appellant guilty and assessed punishment at ninety-nine years' confinement in the Texas Department of Criminal Justice, Institutional Division.

By one issue, appellant argues the admission and publication of a video recording of homicide detectives interviewing him violated his federal and state constitutional rights to confront witnesses because the detectives referenced third-party statements during the interview. We affirm.

## I. BACKGROUND[1]

Stephenie Caddy-Aqqad was killed in her garage. She was shot once in the back. Appellant, Stephenie's boyfriend, was at the scene and called 911. When police officers arrived, appellant told them that a young African-American man had come to the house, shot Stephenie, and then fled. Investigating officers found a spent .38 caliber cartridge casing in the backyard of the house and a .38 revolver in the field behind the backyard fence.[2]

From the .38 pistol's serial number, investigators learned that the firearm had been purchased by Stephenie's sister. She testified at trial that she gave it to Stephenie.[3] A firearms and toolmarks examiner analyzed the pistol and testified that the .38 revolver fired the bullet from the recovered cartridge casing. DNA testing on the pistol's handle revealed that appellant could not be excluded as a contributor to one of the DNA profiles found on the handle. Officers tested appellant's hands for gunshot residue, and there were two particles "characteristic" of gunshot residue and several "particles commonly

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] Investigators also found several "live" .38 cartridges, the sleeve from a box of .38 ammunition in the neighbor's back yard, and the plastic insert from a box of .38 ammunition in the field behind the house.

[3] Stephenie's ex-husband confirmed that Stephenie had the gun when they were married. He surmised she took it after their divorce because it was not left at his house.

associated with" gunshot residue on his hands.[4]   According to the forensic pathologist who investigated the body, Stephenie's wound was consistent with an injury caused by a .38 bullet.   He testified that Stephenie's death was homicide.

## II.  RIGHT TO CONFRONTATION

By his sole issue, appellant contends the trial court's admission and publication of a video recording of his interview with homicide detectives violated his confrontation rights under the Sixth Amendment to the United States Constitution and Article 1 Section 10 of the Texas Constitution because the detectives referenced third-party statements.[5] We review de novo the trial court's ruling regarding the admission and publication of the recorded interview.   *Cook v. State*, 199 S.W.3d 495, 497 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Lilly v. Virginia*, 527 U.S. 116, 137 (1999)); *Marc v. State*, 166 S.W.3d 767, 778 (Tex. App.—Fort Worth 2005, pet. ref'd).

### A.    Applicable Law

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to

---

[4] The trace evidence examiner explained that "characteristic" particles contain all "three component particles" of gunshot residue and "particles commonly associated with" gunshot residue only contain one or two component elements.

[5] Because appellant has neither argued nor cited any authority that establishes that Article 1, Section 10 of the Texas Constitution secures him rights in addition to those in the Sixth Amendment to the United States Constitution, we address his arguments in the context of the Sixth Amendment.   *See Long v. State*, 742 S.W.2d 302, 313 (Tex. Crim. App. 1987) (en banc) ("[T]he interpretation given to Art. 1, § 10 of the Texas Constitution closely parallels the evolution of the Sixth Amendment as interpreted by the United States Supreme Court.   The reason that the guarantees are so identifiable goes beyond the similar language, that is, the source of the right of confrontation is the same:   English common law."), *overruled on other grounds by Briggs v. State*, 789 S.W.2d 918 (Tex. Crim. App. 1990) (en banc); *see also* TEX. R. APP. P. 38.1(i); *Arnold v. State*, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993) ("Appellant fails to analyze, argue or provide authority to establish that his protection under the Texas Constitution exceeds or differs from that provided to him by the Federal Constitution.   We therefore do not address appellant's state constitutional argument."); *Thomas v. State*, No. 14-12-00576-CR, 2013 WL 5883791, at *1 n.4 (Tex. App.—Houston [14th Dist.] Oct. 31, 2013, no pet.) (mem. op., not designated for publication) (same).

be confronted with the witnesses against him[.]" U.S. CONST. amend. VI. This protection prohibits the admission of testimonial statements unless the declarant is unavailable to testify and the accused had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004); *Langham v. State*, 305 S.W.3d 568, 575–76 (Tex. Crim. App. 2010). The court of criminal appeals has explained:

> [T]he Supreme Court has observed that an out-of-court statement, even one that falls within its definition of "testimonial" statements, is not objectionable under the Confrontation Clause to the extent it is offered for some evidentiary purpose other than the truth of the matter asserted. When the relevance of the out-of-court statement derives solely from the fact that it was made, and not from the content of the assertion it contains, there is no constitutional imperative that the accused be permitted to confront the declarant. In this context, the one who bears "witness against" the accused is not the out-of-court declarant but the one who testifies the statement was made, and it satisfies the Confrontation Clause that the accused is able to confront and cross-examine him.

*Langham*, 305 S.W.3d at 576–77 (citing *Crawford*, 541 U.S. at 59; *Tennessee v. Street*, 471 U.S. 409, 414 (1985)).

## B.   Discussion

During the video-recorded interview, the detectives used third-party statements to challenge appellant's version of the events. For example, early in the interview, appellant informed the detectives that his relationship with Stephenie had been "so, so, so wonderful. So wonderful." On a scale of one to ten, the relationship was "Ten Plus Plus Plus Plus Plus." Appellant also claimed he did not own a gun. The detectives challenged appellant's assertions, asking him why Stephenie's mother, brother, and friend said the relationship was not good, why Stephenie's mother said he had a gun, and

4

why his oldest son told police officers that he saw appellant throwing things over the backyard fence.[6]   In this regard, one of the interviewing detectives, Detective Jeremy Todd Rhoden, testified at appellant's trial and was subject to cross-examination.

The third-party statements that the detectives used to question appellant in his interview were not admitted at trial to establish the truth of the matters asserted.   Their relevance did not turn on their accuracy but on the fact that they were used to evoke certain responses from appellant that led the detectives to believe he was being dishonest.   In fact, in the State's opening argument, the State informed the jury that the importance of the interview was that it showed appellant's evolving alibi and dishonesty.

The relevance of the out-of-court statements derived solely from appellant's responses to them and not from their content.   *See Langham*, 305 S.W.3d at 577; *see also Humphrey v. State*, No. 01-08-00820-CR, 2012 WL 4739925, at *2, 4 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.) (mem. op., not designated for publication) (holding admission of video containing police interrogation of the appellant, which included the officers challenging the appellant's version of events with third-party statements, did not violate the appellant's Confrontation Clause rights because the statements were not offered to prove the truth of the matter asserted).   Because Detective Rhoden was subject to cross-examination at trial, appellant was not deprived of his Sixth Amendment right to confrontation.   *See Langham*, 305 S.W.3d at 577; *see also Humphrey*, 2012 WL 4739925, at *4.   We overrule appellant's issue.

---

[6]  At trial, appellant testified to a new version of events, and admitted possessing a gun and trying to hide it by throwing the gun and ammunition over the backyard fence.

### III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of February, 2013.

6