**Affirmed and Memorandum Opinion filed July 1, 2014.**



**In The**

# Fourteenth Court of Appeals

_____

## NO. 14-13-00257-CR

_____

**HECTOR RIOS SAAVEDRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 5**
**Harris County, Texas**
**Trial Court Cause No. 1780331**

## M E M O R A N D U M   O P I N I O N

In two issues, appellant Hector Rios Saavedra challenges his conviction of assault of a family member. *See* Tex. Penal Code § 22.01(b)(2). He argues that the trial court violated his rights under the Confrontation Clause of the United States Constitution by admitting a tape of a call to 911, and that the trial court's assessment of court costs was unlawful. We conclude that the trial court did not violate appellant's confrontation rights and the record supports the assessment of

court costs. We therefore affirm.

## BACKGROUND

The complainant Stacy Heitman and appellant were in a dating relationship in 2011. Appellant and the complainant went out on a date and drove back to appellant's house, where the complainant had parked her car. Appellant took the complainant's car keys inside his house, left the complainant outside, and locked his door. The complainant initially thought appellant was joking and waited outside. After approximately five or ten minutes, the complainant phoned appellant and knocked on his door, but appellant did not answer either the phone or door. After several phone calls, appellant eventually answered and told the complainant he had thrown her keys in the yard. The complainant's search for her keys was unsuccessful. The complainant called cabs, but was concerned about the cost of the cab ride and did not want to leave her car at appellant's home.

After being outside for approximately four hours, the complainant knocked on appellant's bedroom window. Appellant came outside, grabbed the complainant's shoulders, pushed her back to the rail of a balcony, and "flipped [her] over." After hitting the ground, the complainant called 911.

A redacted version of the 911 call was played for the jury. The 911 operator asked the complainant what emergency services she needed and her location. The complainant responded with the address of appellant's house. The operator asked the complainant, "What are you reporting?" The complainant responded that the appellant had taken her keys and "just threw me over the balcony on my face." In response to the operator's questions, the complainant said she was not aware of any mental issues with appellant, and there were not any weapons involved. The complainant told the operator that appellant had gone next door to his parents' house when she called 911. The redacted call concluded with the operator getting

2

descriptions of appellant and the complainant and confirming that the complainant did not need an ambulance.

While making the 911 call, the complainant walked across the street to lie down on a bench. She testified she suffers from a heart condition that causes her heart rate to rise. When police officers arrived, they called an ambulance to check the complainant's injuries. The complainant told Officer Brian Fort, the responding officer, about her heart condition and that she had been injured by hitting the ground after having been thrown over a balcony. When paramedics arrived, they checked the complainant's injuries, blood pressure, and heart rate. They explained to the complainant that if she needed further assistance she would have to go to the hospital. The complainant refused transportation, saying she needed to get back home to her child.

Following this incident, appellant and the complainant resumed their dating relationship. When the complainant learned that appellant had been arrested for assaulting her, she told the District Attorney's office that she wished to dismiss the charges. When the prosecutor explained that he would not dismiss the charges, the complainant attempted to minimize the incident. Appellant was convicted of assault of a family member and assessed punishment of ten months' confinement in the Harris County Jail.

## ANALYSIS

### I. The emergency operator's questions did not violate appellant's confrontation rights because they were non-testimonial.

In his first issue, appellant argues the admission of the operator's questions on the 911 tape violated his right to confrontation under the Sixth Amendment to the United States Constitution.

Prior to trial, appellant objected to the totality of the 911 tape on the grounds

3

that it "lost any indicia of reliability and credibility in reference to this 911 tape under *Crawford* and its excited utterances[.]" Appellant further argued that the operator's questions such as, "Did he throw you off the balcony, or did he toss you off the balcony?" were testimonial in nature, and inadmissible under *Crawford*.

The trial court ordered the State to redact the operator's question as to why appellant went to his parents' house and everything after that question. The court determined that everything that occurred prior to that question was necessary information to determine what type of official response was necessary, i.e., whether an ambulance should be called. The trial court further held that "[d]escriptions of the alleged assault defendant would be important, also, to the responding police officers so that they would know who he is, if they recognized him at the scene, same with the complainant's dress and appearance would be important to them." The court found that whether there were weapons, a history of mental illness, and whether the scene was a domestic violence situation, are all necessary elements for the police to know before arriving at the scene.

At trial, appellant relied on his pretrial objections to the 911 tape. The redacted tape was played for the jury over appellant's objection.

The Sixth Amendment's Confrontation Clause prohibits introduction by the State of a testimonial hearsay statement unless (1) the declarant is unavailable to testify, and (2) the defendant had a prior opportunity to cross-examine the declarant. *Bullcoming v. New Mexico*, 131 S.Ct. 2705, 2713 (2011); *Lee v. State*, 418 S.W.3d 892, 895 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Although evidentiary rulings are usually reviewed for an abuse of discretion, a statement's testimonial nature is a question of law that we review de novo. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

The threshold inquiry in applying this rule is whether the hearsay at issue is

4

"testimonial." "Various formulations of th[e] core class of 'testimonial' statements exist . . . ." *Crawford v. Washington*, 541 U.S. 36, 51 (2004). The Supreme Court of the United States has not crafted an exclusive definition for classifying which types of statements are testimonial in nature. *See Davis v. Washington*, 547 U.S. 813, 822 (2006) (providing one standard "[w]ithout attempting to produce an exhaustive classification of all conceivable statements"). In *Crawford*, however, the Supreme Court held that the Confrontation Clause applies only to witnesses against the accused who "bear testimony," and testimony, in turn, is typically a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51.

The Court of Criminal Appeals has summarized three kinds of testimonial statements: (1) "ex parte in-court testimony or its functional equivalent," i.e., "pretrial statements that declarants would expect to be used prosecutorially;" (2) "extrajudicial statements contained in formalized testimonial materials," such as affidavits, depositions, or prior testimony; and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010).

In this case, appellant objected to the entire 911 tape. Because the complainant testified at trial, however, the Confrontation Clause is not applicable to her answers to the operator's questions. *See Crawford*, 541 U.S. at 59 n. 9 ("When the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."). Both the complainant and the responding officer testified that she was injured after appellant threw her over a balcony.

Regarding the operator's questions, appellant alleges his right to cross-

examine and confront the operator was violated because the jury heard the following questions when the 911 tape was played:

- "Did he throw you off the balcony, or did he toss you off the balcony?"

- "What is he wearing ma'am?"

These questions are not testimonial in nature because they—unlike the complainant's answers—were not offered to establish any fact. Rather, they were asked to obtain information. Moreover, the questions were posed by the operator while the complainant was standing outside appellant's house in an attempt to assess the response required to an ongoing emergency and aid police in identifying the individuals involved when they arrived. Under such circumstances, courts have held that even answers to an emergency operator's questions are not testimonial. *See Davis*, 547 U.S. at 826–27; *Dixon v. State*, 244 S.W.3d 472, 485–86 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (admission of 911 tape not violation of Confrontation Clause because "cry for help" made during call to 911 operator not testimonial); *Cook v. State*, 199 S.W.3d 495, 498 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (admission of 911 tape not violation of Confrontation Clause because witness's statements made during contact initiated by witness at beginning of investigation not testimonial).

Citing *Davis*, appellant argues that the questions asked by the operator are testimonial because the circumstances would lead an objective witness to believe that the questions would be available for use at a later trial. But the operator was not a witness against the accused, and her questions were not in the nature of "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51. Nor were the operator's questions "'a weaker substitute for live testimony' at trial[.]" *Davis*, 547 U.S. at 828, *quoting*

6

*United States v. Inadi*, 475 U.S. 387, 394 (1986).

Because the operator's questions were not testimonial, we conclude that appellant's confrontation rights were not violated by the admission of the 911 tape. We overrule appellant's first issue.

## II.    The court costs are supported by the evidence.

In his second issue, appellant challenges the trial court's assessment of court costs. Appellant requests modification of the judgment to delete the assessment of court costs because the bill of costs was not prepared and certified until after the judgment was signed.

The judgment includes an assessment of $407 in court costs. The record contains a certified, signed bill of costs listing $407 in court costs. We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Traditional sufficiency-of-the-evidence standards of review do not apply. *Id*.

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id*. at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record supports the assessment of costs in this case because the record contains a bill of costs that contains each item of cost, is signed by a representative of the district clerk's office who is entitled to receive payment of the costs, and is certified. *See Johnson*, 423 S.W.3d at 393.

The trial court assessed $407 in costs against appellant. The sum of the itemized costs in the cost bill is $407. There being no challenge to any specific cost or the basis for the assessment of such cost, the bill of costs supports the costs

assessed in the judgment. *Id.* at 396. The fact that the bill of costs was not prepared until after the court signed the judgment does not defeat the lawfulness of the bill of costs. *Id.* at 394. ("[M]atters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial."). We overrule appellant's second issue.

Having overruled appellant's issues, we affirm the trial court's judgment.


/s/    J. Brett Busby
        Justice


Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).