**Opinion issued July 2, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00155-CR

———————————

**JERMIE JULIEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1549176**

---

## MEMORANDUM OPINION

Jermie Julien appeals his conviction for assault of his girlfriend. *See* TEX.

PENAL CODE § 22.01(a). The jury found him guilty, and Julien pleaded true to an

enhancement paragraph that alleged a prior felony conviction for assault against a

family or household member. The offense was a third-degree felony with the

punishment range of a second-degree felony. *See id.* §§ 22.01(b)(2) (assault with prior conviction is a third-degree felony); 12.42(a) (conviction for a third-degree felony with a prior felony conviction shall be punished as a second-degree felony). Julien faced a punishment range of no less than two years and no more than 20 years' imprisonment and a fine up to $10,000. *See id.* § 12.33. The jury assessed punishment at 10 years' imprisonment and a $10,000 fine. On appeal, he contends that the trial court erred in admitting and excluding evidence against him. We affirm.

## Background

In April 2017, Jermie Julien punched his girlfriend Angel Frederick in the face during an argument in their apartment. Their two-year-old son was at Frederick's feet during the assault, and Julien's ten-year-old son saw the fight. A roommate also witnessed the altercation. Frederick called the police from outside the apartment, and Julien packed some of his things and left with his son. Frederick called 911 at least five times over the course of three hours before law enforcement arrived. During the calls she reported that she felt threatened by Julien, that he was sending her threatening messages, and that he had returned to the apartment and was trying to get in. Detective G. Black arrived at the scene about midnight. Frederick told him that Julien had punched her several times in the face. Her lip was bleeding, and she had bruises and marks on her arms. Detective Black also spoke with Julien on Frederick's phone. Julien told Detective Black that he was across town staying with

a friend. Another officer spoke with their roommate who witnessed the fight. As the officers left the scene, someone in the parking lot told Detective Black that Julien was at a motel a few blocks away. The two officers went to the motel and found Julien and his son. As they arrested him, Julien repeatedly told the officers that if he could just talk to Frederick, she would decline to press charges. He asked multiple times to speak with her or have his son speak with her.

At trial, the jury heard from Detective Black, the roommate who witnessed the assault, and a social worker who was an expert in domestic violence. The jury heard 911 calls made by Frederick and viewed Detective Black's body camera videos. Frederick did not testify.

The jury found Julien guilty, he pleaded true to a felony enhancement, and the jury assessed punishment at ten years' imprisonment and a $10,000 fine. This appeal followed.

## Confrontation Clause

In his first issue, Julien contends that the admission of Frederick's statements contained in body camera video violated his Sixth Amendment right to confrontation under *Crawford v. Washington*, 541 U.S. 36 (2004). We review de novo the trial court's ruling that admission of Frederick's statements did not violate Julien's rights under the Confrontation Clause. *See Cook v. State*, 199 S.W.3d 495, 497 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

The Confrontation Clause of the Sixth Amendment bars admission of testimonial statements of a witness who does not appear at trial unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. *See* U.S. CONST. amend VI; *see also Davis v. Washington*, 547 U.S. 813, 821 (2006) (quoting *Crawford*, 541 U.S. at 53–54). Only testimonial statements cause the declarant to be a witness within the meaning of the Confrontation Clause. *Davis*, 547 U.S. at 821. Therefore, nontestimonial statements, "[w]hile subject to traditional limitations upon hearsay evidence, [are] not subject to the Confrontation Clause." *Id.*

The initial question to be addressed under the Confrontation Clause is whether the statement is "testimonial." *Id.* In deciding the issue, we review the totality of the circumstances and may consider the following non-exclusive factors: (1) whether the situation was still in progress; (2) whether the police questions sought to determine what was happening as opposed to what had happened in the past; (3) whether the primary purpose of the interrogation was to render aid rather than to memorialize a possible crime; (4) whether the questioning was conducted in a separate room, away from the alleged attacker; and (5) whether the events were deliberately recounted in a step-by-step fashion. *See Vinson v. State*, 252 S.W.3d 336, 339 (Tex. Crim. App. 2008).

Julien argues that Frederick's statements to Detective Black were testimonial because the conversation took place hours after the event occurred and the emergency was over. We disagree with this conclusion.

The record shows that Detective Black and Frederick believed there was an ongoing emergency. The body camera footage shows that Detective Black arrived at Frederick's home and asked her about what happened. Frederick expressed relief that the officer finally arrived. She complained about how long it took law enforcement to respond and said she was lucky to be alive. Within the first minutes, Detective Black asked her about Julien's location. Though Julien had left the apartment, his exact whereabouts were unknown. The primary purpose of the questioning was not to document a past crime, but instead to assess the situation, determine the location of the suspect, and ascertain whether the threat remained. *See Davis*, 547 U.S. at 829 (suggesting "questions necessary to secure [officers'] safety or the safety of the public" would be non-testimonial) (quoting *New York v. Quarles*, 467 U.S. 649, 658–59 (1984)).

The record shows that Frederick feared Julien returning that night to attack her. During her 911 calls, she repeatedly emphasized that she believed the threat to her was ongoing and could only be stopped by the police. She called 911 five times in three hours expressing her ongoing concerns. She told 911 dispatchers that Julien continued to threaten her. When the officer arrived about midnight, three hours after

5

her initial call, Frederick remained concerned that Julien might return to the scene. *See Wilson v. State*, 296 S.W.3d 140, 147 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (information solicited from victim was not testimonial because it was necessary to enable police to arrest the suspect and resolve emergency); *see also Vinson*, 252 S.W.3d at 339–40 (emergency situation continued until assailant had been arrested and secured in patrol car).

The trial court could reasonably find that the officer was still assessing an emergency situation and the purpose of the questioning was to enable police assistance in the ongoing emergency. *See Vinson*, 252 S.W.3d at 340. Because of the non-testimonial nature of Frederick's statements, their admission did not violate the Confrontation Clause. We overrule Julien's first issue.

**Hearsay**

In his second issue, Julien contends that the admission of Frederick's statements contained in the body camera video violated the evidentiary bar against the admission of hearsay because Frederick's statements were not excited utterances. *See* TEX. R. EVID. 803(2). Julien contends that Frederick's responses to Detective Black were not excited utterances because Frederick had time for reflection and deliberation before making the statements. We disagree.

The admission of out-of-court statements is reviewed for abuse of discretion, and the trial court's decision will not be reversed unless it falls outside the zone of

reasonable disagreement. *Zuliani v. State*, 97 S.W.3d. 589, 595 (Tex. Crim. App. 2003). An excited utterance is a "statement relating to a startling event or condition, made while the declarant [is] under the stress of excitement that it caused." TEX. R. EVID. 803(2). While time can certainly be a factor in determining an excited utterance, it is not dispositive. *Zuliani*, 97 S.W.3d at 595–96. The critical consideration is "whether the declarant [is] still dominated by the emotions, excitement, fear, or pain of the event." *Id.* at 596 (quoting *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)).

Detective Black testified that when he arrived, Frederick appeared agitated. She raised her voice and used short, curt statements. She had fresh bruises and her lip was bleeding. Frederick did not know where Julien was, and she was concerned that he could return to the apartment. Frederick had called for help multiple times before the police arrived, and on one of those occasions, Julien was banging on her window, trying to enter. The trial court noted that although Frederick was not crying or hysterical, her gestures demonstrated she was still agitated. Julien argues that this shows that Frederick was not dominated by emotion. Though the trial court acknowledged evidence that could weigh against the finding of an excited utterance, an exception to the hearsay rule need only be proved by a preponderance of the evidence. *See Vinson*, 252 S.W.3d at 340 n.14. We hold that the trial court's ruling that Frederick's statements were excited utterances falls within the zone of

reasonable disagreement and was not an abuse of discretion. *See Zuliani*, 97 S.W.3d at 595. We overrule Julien's second issue.

## Exclusion of Frederick's Statement

In his third issue, Julien complains about the exclusion of one of Frederick's statements from body camera footage in the State's exhibit. Before opening statements, the court held a hearing on whether to admit the body camera footage. Defense counsel objected to the admission of parts of the video where the officer wearing the camera spoke to people other than Frederick. The trial court ordered the deletion of statements from other parties and ordered that the video stop "right after the part about the window." Later the edited exhibit was admitted and published to the jury during Detective Black's testimony. Defense counsel did not object. Nothing in the record shows what was redacted.

After Detective Black and another witness testified but before the State called its expert witness, defense counsel approached the court and advised that part of Frederick's statement was missing from the State's exhibit. He told the court that he expected her statement, which he paraphrased as "I already had put one of my baby daddies in jail behind this or in prison behind this," to be in the video. Defense counsel believed the State mistakenly cut the statement, but the court explained that it intended for the statement to be removed. Counsel argued that the statement was

relevant as to Frederick's motive to make a false accusation against Julien. The trial court overruled this objection.

A party complaining on appeal about a trial court's exclusion of evidence must "at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question." *Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002) (internal quotations omitted); TEX. R. APP. P. 33.1(a)(1)(A) (the record must show that the party "stated the grounds for the ruling that [he] sought from the trial court with sufficient specificity to make the trial court aware of the complaint. . . ."). While no "hyper-technical or formalistic use of words or phrases" is required to preserve error, the proffering party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018) (quoting *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012)). Parties are not permitted to bootstrap a constitutional issue from a routine evidentiary trial objection, and trial courts must be presented with and have the chance to rule on the specific constitutional basis for admission. *Golliday*, 560 S.W.3d at 670 (quoting *Clark*, 365 S.W.3d at 340). To preserve error on a ruling to exclude evidence, the

ruling must affect a substantial right of the party and the party must inform the court of its substance by an offer of proof. *See* TEX. R. EVID. 103(a).

### 1. Constitutional Objection

Julien makes a constitutional argument about the exclusion of the statement on appeal, but he did not properly preserve it in the trial court. At trial, Julien argued that the excluded statement was relevant to demonstrate the complainant's motive to falsely accuse him. He did not tell the court he was objecting on constitutional grounds. On appeal, he contends that the exclusion violated his constitutional rights to due process and confrontation of the evidence against him. "When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error." *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (holding an objection on hearsay did not preserve error on Confrontation Clause grounds); *see also Golliday*, 560 S.W.3d at 670–71 (stating in order to preserve an argument that the exclusion of evidence violates constitutional principles, a defendant must state the grounds for the ruling that he seeks with sufficient specificity to make the court aware of these grounds). A general appeal to a proffer's relevance, or a broad expression that the jury needs a broader understanding of events "does not adequately articulate a constitutional basis sufficient to preserve the argument for appellate review." *Golliday*, 560 S.W.3d at 671. Julien did not articulate a

constitutional basis supporting the admission of the excluded evidence at trial. Consequently, he did not preserve a constitutional claim for appeal. *See* TEX. R. APP. P. 33.1.

### 2. Evidentiary Complaint

Assuming Julien properly preserved his complaint by making a timely objection about the relevance of the omitted evidence, the trial court did not abuse its discretion in overruling his objection. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). We may reverse the trial court only if its decision lies outside the zone of reasonable disagreement. *Id.* at 83; *see also Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016) (explaining that appellate court would misapply abuse-of-discretion standard if it were to reverse merely because it disagrees with trial court's evidentiary decision).

Any evidence that someone else was convicted of assaulting Frederick was not relevant. The record contains no evidence of the previous incident other than counsel's characterization of Frederick's comment. The fact that a woman presumably was a complainant in two criminal cases does not raise an inference that she made a false accusation in either of them. The trial court did not abuse its discretion in excluding the evidence. We overrule Julien's third issue.

11

## Extraneous Offense

In his fourth issue, Julien contends that the trial court erred in admitting evidence of an extraneous offense. The State's witness, Detective Black, testified that after he arrested Julien, Julien asked to either speak with Frederick or have his 10-year-old son who was with him speak with Frederick. During this testimony, the State asked; "[W]hen a defendant makes contact with a complainant and convinces the complainant to drop charges, what offense arises when that happens?" Julien's counsel lodged three objections to this question: (1) "asked and answered;" (2) relevance; and (3) "this is improper extraneous offense used to show action and conformity." The court overruled the objections and the officer responded, "It's called tampering." On appeal, Julien contends that the trial court erred in overruling his third objection based on an improper extraneous offense. We disagree.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley*, 493 S.W.3d at 82–83. We may reverse the trial court only if its decision lies outside the zone of reasonable disagreement. *Id.* at 83. Rule of Evidence 404(b) bars the admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1).

Detective Black's response was not evidence of any prior act by Julien. The officer simply provided his opinion about a hypothetical situation. An officer's

12

opinion of whether certain acts constitute a criminal offense is not evidence of an extraneous act. The response also did not raise inferences about Julien's character or suggest action in conformity with it. The trial court did not abuse its discretion in overruling the objection. We overrule Julien's fourth issue.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do not publish.  TEX. R. APP. P. 47.2(b).