

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

—————————————————

No. 02-25-00108-CR

—————————————————

WILLIAM A. HARRIMAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR24740

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

Appellant William A. Harriman appeals his conviction for driving while intoxicated, third or more. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2). Raising two appellate issues, Harriman argues (1) that the trial court abused its discretion by admitting the recording of a witness's 911 call into evidence over his hearsay and Confrontation Clause objections and (2) that the record contains insufficient evidence to establish beyond a reasonable doubt that he had "operated" a vehicle while intoxicated. We affirm.

## I. BACKGROUND

In January 2021, Zach Bryden, who at that time was a patrol sergeant with the Wise County Sheriff's Office, was dispatched to Farm to Market Road 730 just south of Boyd, Texas, after a 911 caller reported a reckless—and likely intoxicated—driver heading northbound in a gold Ford pickup truck. While Officer Bryden was en route, the gold Ford pickup truck swerved into oncoming traffic and collided with a Buick LeSabre, causing significant damage to both vehicles and seriously injuring the driver of the LeSabre.

Officer Bryden arrived on the scene "within seconds of the crash['s] happening." He walked up to the gold Ford pickup truck and spoke to Harriman, who was sitting in the driver's seat. After Harriman stated that he did not feel any pain, Officer Bryden instructed him to get out of the vehicle and move to a safer location. Officer Bryden did not observe anyone other than Harriman in the vehicle.

Because Harriman appeared intoxicated, smelled of alcohol, admitted that he had been drinking, and failed multiple standard field sobriety tests, he was placed under arrest for driving while intoxicated. After being transported to jail, Harriman agreed to take a breathalyzer test, which revealed his breath–alcohol concentration to be more than twice the legal limit.

Harriman was charged by indictment with driving while intoxicated, third or more; the indictment alleged that Harriman had used his vehicle as a deadly weapon. Harriman pleaded not guilty, and a jury trial was held. After considering all the evidence, the jury found Harriman guilty and also found the indictment's deadly-weapon allegation to be true. Harriman elected to have the trial court, not the jury, assess his punishment. Following the trial's punishment phase, the trial court sentenced Harriman to thirty-eight years in prison. This appeal followed.

## II. DISCUSSION

### A. The Trial Court Did Not Abuse Its Discretion by Admitting the Recording of the 911 Call

In his first issue, Harriman contends that the trial court abused its discretion by admitting over his hearsay and Confrontation Clause objections the recording of the 911 call reporting a drunk driver on Farm to Market Road 730. We disagree.

#### 1. Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003);

3

*Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). We will not reverse a trial court's decision to admit or exclude evidence unless the record shows a clear abuse of discretion. *Zuliani*, 97 S.W.3d at 595. An abuse of discretion occurs only when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.*

### 2. Hearsay Analysis

"Hearsay" is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is not admissible unless a statute, a rule of evidence, or another rule prescribed under statutory authority provides otherwise. Tex. R. Evid. 802.

One exception to the hearsay prohibition is a statement of present-sense impression—i.e., "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Tex. R. Evid. 803(1). Here, the caller on the 911 recording was describing Harriman's driving immediately after he perceived it. Thus, the 911 recording falls within the present-sense-impression exception, and the trial court did not abuse its discretion by overruling Harriman's hearsay objection. *See Kinnett v. State*, 623 S.W.3d 876, 911 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (holding that recording of call to police nonemergency number reporting a reckless driver fell within the present-sense-impression exception to the hearsay rule because it described what the caller had witnessed in the immediate past); *Reyes v. State*, 314 S.W.3d 74, 78 (Tex. App.—San Antonio 2010, no pet.) (holding that

4

recording of 911 call fell within present-sense-impression exception because statements indicated caller was describing events as they were happening); *see also Castillo v. State*, 517 S.W.3d 363, 378 (Tex. App.—Eastland 2017, pet. ref'd) (explaining that the rationale for the present-sense-impression exception to the hearsay rule "stems from the statement's contemporaneity, not its spontaneity," and concluding that five-minute lapse of time between event and statement "d[id] not destroy the contemporaneity" of the statement).

### 3. Confrontation Clause Analysis

The Sixth Amendment's Confrontation Clause, applicable to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Crawford v. Washington*, 541 U.S. 36, 38, 42, 124 S. Ct. 1354, 1357, 1359 (2004); *Langham v. State*, 305 S.W.3d 568, 575 (Tex. Crim. App. 2010) (citing U.S. Const. amend. VI). "[T]he most important instances in which the [Confrontation] Clause restricts the introduction of out-of-court statements are those in which state actors are involved in a formal, out-of-court interrogation of a witness to obtain evidence for trial." *Michigan v. Bryant*, 562 U.S. 344, 358, 131 S. Ct. 1143, 1155 (2011). Once a defendant raises a Confrontation Clause objection, the burden shifts to the State to prove either (1) that the proposed statement does not contain testimonial hearsay and thus does not implicate the Confrontation Clause or (2) that the statement does contain testimonial

hearsay but is nevertheless admissible. *See De La Paz v. State*, 273 S.W.3d 671, 680–81 (Tex. Crim. App. 2008) (citing *Crawford*, 541 U.S. at 68, 124 S. Ct. at 1374).

"[T]estimonial statements are those 'that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" *Adkins v. State*, 418 S.W.3d 856, 861–62 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (quoting *Burch v. State*, 401 S.W.3d 634, 636 (Tex. Crim. App. 2013)). A court considers the totality of the circumstances in determining whether a statement is testimonial. *Clark v. State*, 282 S.W.3d 924, 931 (Tex. App.—Beaumont 2009, pet. ref'd).

To determine whether the admission of the 911 recording violated Harriman's rights under the Confrontation Clause, we must first determine whether the statements in the call were testimonial. *See Vinson v. State*, 252 S.W.3d 336, 338–39 (Tex. Crim. App. 2008). Statements made during a 911 call "under circumstances objectively showing that the primary purpose of the call was to enable police assistance for an ongoing emergency" are not testimonial. *Ramjattansingh v. State*, 587 S.W.3d 141, 159 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Cook v. State*, 199 S.W.3d 495, 497–98 (Tex. App.—Houston [1st Dist.] 2006, no pet.)); *see also Kinnett*, 623 S.W.3d at 909 ("Statements made during 911 calls are typically considered nontestimonial because they are 'a cry for help' or 'the provision of information enabling officers immediately to end a threatening situation.'" (quoting *Davis v. Washington*, 547 U.S. 813, 832, 126 S. Ct. 2266, 2279 (2006))).

Here, the 911 call was made for the primary purpose of alerting the police to an ongoing emergency—Harriman's reckless, drunk driving.  Therefore, the statements in the 911 recording are not testimonial, and the recording's admission did not violate Harriman's confrontation rights.  *See Ramjattansingh*, 587 S.W.3d at 161 (holding that 911 caller's "report of a drunk driver on the road concerned the sort of ongoing emergency likely to render statements made in connection with it non[]testimonial"); *see also Guzman v. State*, No. 02-18-00332-CR, 2019 WL 2223213, at *2, *4 (Tex. App.—Fort Worth May 23, 2019, no pet.) (mem. op., not designated for publication) (holding that trial court did not abuse its discretion by overruling Confrontation Clause objection and admitting 911 call made by caller who "had just heard someone get shot and had seen a guy run out of a neighboring apartment with a gun"); *cf. Kearney v. State*, 181 S.W.3d 438, 442 (Tex. App.—Waco 2005, pet. ref'd) (noting that statements made during 911 calls "are not given in response to structured police questioning or with an eye to . . . future legal proceedings but are initiated by a victim or witness to obtain police assistance").

### 4.  Disposition of First Issue

Having concluded that the trial court did not abuse its discretion by admitting the 911 recording over Harriman's hearsay and Confrontation Clause objections, we overrule Harriman's first issue.

7

**B. The Record Contains Sufficient Evidence to Support the Jury's Finding that Harriman Had Operated a Vehicle While Intoxicated**

In his second issue, Harriman contends that the record contains insufficient evidence to support the jury's finding that he had operated a vehicle while intoxicated—i.e., that he had been driving the gold Ford pickup. We disagree.

**1. Standard of Review**

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Harrell v. State*, 620 S.W.3d 910, 914 (Tex. Crim. App. 2021).

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex.

8

Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Braughton*, 569 S.W.3d at 608.

To determine whether the State has met its burden to prove a defendant's guilt beyond a reasonable doubt, we compare the crime's elements as defined by a hypothetically correct jury charge to the evidence adduced at trial. *Hammack v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021); *see also Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018) ("The essential elements of an offense are determined by state law."). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Hammack*, 622 S.W.3d at 914. The law as authorized by the indictment means the statutory elements of the offense as modified by the charging instrument's allegations. *Curlee v. State*, 620 S.W.3d 767, 778 (Tex. Crim. App. 2021); *see Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) ("When the State pleads a specific element of a penal offense that has statutory alternatives for that element, the sufficiency of the evidence will be measured by the element that was actually pleaded, and not any alternative statutory elements.").

## 2. Analysis

To establish that Harriman had committed the offense of driving while intoxicated (DWI), the State was required to prove that he was "intoxicated while operating a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04(a). For the evidence to be sufficient to support a DWI conviction, a "temporal link" must exist between the defendant's intoxication and his driving. *Kuciemba v. State*, 310 S.W.3d 460, 461–62 (Tex. Crim. App. 2010). "This temporal link may be established by circumstantial evidence." *Kinnett*, 623 S.W.3d at 897–98 (citing *Kuciemba*, 310 S.W.3d at 462).

Harriman argues that the State did not present sufficient evidence that he had operated a vehicle while intoxicated because no witness testified to seeing him drive the gold Ford pickup truck and because the State "failed to address the possibility that another individual could have been driving the vehicle." But, as noted, Officer Bryden arrived on the scene "within seconds of the crash" and found Harriman in the truck's driver's seat. Officer Bryden did not see anyone else in the vehicle, and Harriman never suggested to the responding officers that anyone else had been in the vehicle with him at the time of the crash, much less that someone else had been driving. Based on this circumstantial evidence, a reasonable jury could conclude that Harriman had been operating the gold Ford pickup truck at the time of the crash. *See id.* at 899 (holding that circumstantial evidence was sufficient to show that appellant had operated his vehicle while intoxicated when police officer found appellant in the

10

parking lot of a bar a short time after a witness had made a 911 call reporting that a reckless driver in a vehicle with a matching description had pulled into the bar's parking lot, the vehicle was still running when the officer arrived, appellant was the only person in the vehicle, and he admitted that he had driven to the bar); *Stroud v. State*, No. 09-14-00439-CR, 2016 WL 3136148, at *3 (Tex. App.—Beaumont June 1, 2016, no pet.) (mem. op., not designated for publication) (holding that circumstantial evidence was sufficient to show that appellant was the person who had driven a vehicle found in the mud where appellant (1) had been by himself when he knocked on a door to seek assistance removing his vehicle from the mud and when police arrived to investigate who had been driving, (2) had been at another residence several miles from where the car was found earlier in the evening, and (3) had the key to the vehicle in his pocket); *Priego v. State*, 457 S.W.3d 565, 570–71 (Tex. App.—Texarkana 2015, pet. ref'd) (holding that evidence was sufficient to support conclusion that appellant had operated vehicle when vehicle was found in public parking lot, no evidence in record suggested anyone other than appellant had operated vehicle, appellant was found unconscious in vehicle, vehicle was running, appellant smelled strongly of alcohol and was still wearing her seatbelt, and partially consumed bottle of whiskey was found on floorboard); *Hernandez v. State*, 13 S.W.3d 78, 80 (Tex. App.—Texarkana 2000, no pet.) (holding circumstantial evidence sufficient to prove appellant had been driving vehicle when he was the only person walking near wrecked vehicle despite his assertion to investigating officers that he was not the driver and

that the driver had run away); *Folk v. State*, 797 S.W.2d 141, 142–44 (Tex. App.—Austin 1990, pet. ref'd) (per curiam) (noting that evidence that appellant was found alone at the side of the road near a burning vehicle that was registered to his roommate was consistent with the conclusion that appellant had driven the vehicle). Thus, the State presented sufficient evidence to establish the necessary temporal link between Harriman's intoxication and his driving. *See Kuciemba*, 310 S.W.3d at 462.

We overrule Harriman's second issue.

### III. CONCLUSION

Having overruled both of Harriman's issues, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 12, 2026